James E. Magleby (7247)
  magleby@mcgiplaw.com
Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Adam Alba (13128)
  alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Purple Innovations, LLC

---

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| **PURPLE INNOVATIONS, LLC, A Delaware limited liability company,** | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER** |
| **Plaintiff,**<br>**v.** | **AND** |
| | **REQUEST FOR *EX PARTE* RELIEF** |
| **HONEST REVIEWS, LLC, a Florida Corporation, RYAN MONAHAN, an individual, and GHOSTBED, a Delaware corporation,** | |
| | **Case No.:  2:17-cv-00138-DB** |
| **Defendants.** | **Honorable Dee Benson** |

---

Plaintiff Purple Innovations, LLC ("Plaintiff" or "Purple"), by and through its

counsel of record MAGLEBY CATAXINOS & GREENWOOD, respectfully submits this

Supplemental Memorandum in Support of its Motion for Temporary Restraining Order

[Doc. No. 8].

## INTRODUCTION

Just this morning, Purple discovered additional, critical facts supporting the immediate issuance of a temporary restraining order against Defendants Ryan Monahan ("Monahan"), Honest Reviews, LLC, dba www.honestmattressreviews.com ("HMR"), and mattress company GhostBed, LLC ("GhostBed") (collectively, "Defendants"), one of Purple's primary competitors in the "bed-in-a-box" ("BIB") market.

In particular, contrary to the numerous proclamations of neutrality and the lack of any bias or affiliate relationship between HMR and *any* mattress company reviewed on the www.honestmattressreview.com website (the "Blog"), and despite Monahan's efforts to scrub the internet of any evidence of his past relationship with GhostBed,  Purple has confirmed that Monahan in fact maintains a *current* business relationship with GhostBed.  Monahan – who is the CEO and primary architect of HMR and the Blog – is actually member of GhostBed's marketing department, and thus an employee or contractor of the company, and as such he necessarily has a monetary interest in the success of GhostBed, if he does not also receive direct compensation for GhostBed's favorable reviews on the Blog.  In addition, Monahan maintains an office at GhostBed's headquarters, he can be reached by calling GhostBed's main telephone number, and the email address provided by GhostBed for Monahan is "marketing@ghostbed.com."

This new information shows that the repeated statements on the Blog to the effect that HMR's and Monahan's reviews are unbiased and neutral are unequivocally false and in violation of Section 43(a) of the Lanham Act and contrary to guidelines established by the Federal Trade Commission.  In light of the continuing relationship

between Monahan and GhostBed, the statements of independence and objectivity on the Blog are false and seriously misleading, especially when considered in conjunction with the extremely favorable reviews of GhostBed (and the extremely negative reviews of Purple), which likewise are false and misleading to consumers.  These statements are causing and threaten to cause irreparable harm to Purple, including diverted sales and dilution of Purple's goodwill in the marketplace.

Accordingly, Purple is highly likely to prevail on the merits of its Lanham Act false advertising claim.  For these reasons, in addition to those set forth in Purple's Motion for Temporary Restraining Order ("TRO Motion"), Purple is entitled to the immediate entry of a temporary restraining order.  In addition, Purple respectfully requests that the temporary restraining order be issued *ex parte* for the reasons set forth below.

## STATEMENT OF ADDITIONAL FACTS

1.      On February 28, 2017, at 10:43 EST, Tom E. Zoller ("Mr. Zoller") a licensed private investigator retained by counsel for Purple, placed a telephone call to GhostBed at the number displayed on GhostBed's website and social media pages as being the company's primary number.  *See* Affidavit of Tom E. Zoller ("Zoller Aff.") ¶¶ 2-4, attached hereto as Exhibit "1."

2.      After GhostBed's introductory recording played, a woman who identified herself as "Janie" came on the line, at which point Mr. Zoller asked for Ryan Monahan's job title with GhostBed.  *See id.* ¶ 5.

3.      In response, GhostBed representative stated that she recognized Monahan's name and that he worked in GhostBed's "marketing department," but that she was unable to confirm his exact job title.  *See id.* ¶ 5.

4.      When Mr. Zoller asked if he could have Monahan's extension or leave him a voicemail, the woman put Mr. Zoller on hold for approximately 6 minutes.  *See id.* ¶¶ 5-6.

5.      The GhostBed representative then returned to Mr. Zoller's call and confirmed that Monahan currently works in GhostBed's Marketing Department. She also stated that Monahan is usually "on the road."  *See id.* ¶ 6.

6.      Mr. Zoller next asked if Monahan had a phone extension or a company issued telephone number so that he could contact him directly.  The woman on the phone again put Mr. Zoller on hold.  *See id.* ¶ 7.

7.      After Mr. Zoller waited on hold for approximately 4 more minutes, the GhostBed representative returned to the call and said she did not have a direct telephone for Monahan, but she provided Mr. Zoller with an email address that he could use to contact Monahan, [marketing@ghostbed.com](mailto:marketing@ghostbed.com). She said that either Monahan or a woman named "Kelly" would respond to Mr. Zoller's inquiry via that email address.  *See id.* ¶ 8.

8.      Mr. Zoller's conversation with the GhostBed representative lasted 11 minutes and 15 seconds.  *See id.* ¶ 9.

**The "Disclaimers" Regarding HMR's and Monahan's**
**Purported Independence**

9.      The details regarding the "disclaimer" statements as to Defendants'

purported independence and neutrality are set forth in detail in Paragraphs 129-138 of

the TRO Motion.

10.     Among the most prominent of these statements is a page on the Blog

entitled "Ethics Statements," which purports to proclaim the ethical and honest nature of

Monahan and HMR, including by referencing "freedom of speech."  *See*

https://www.honestmattressreviews.com/disclaimer/.  The "Ethics Statement" page

includes the following statement:

Our posts have total editorial independence from these all outside companies, even when they touch on products and services these companies we review.  The same goes for all content on Honest Mattress Reviews on social networks.  No one has an influence on or access to the posts we publish.  We will also add a direct link to this disclosure when we write directly about the companies.

*Id.* (emphases added).

11.     Another such statement is the one that appears at the bottom of every

page of the Blog, and which proclaims that Monahan and HMR receive "zero" monetary

compensation from any mattress company:



*See, e.g.* https://www.honestmattressreviews.com.

12.     As is also set forth in the TRO Motion, GhostBed is one of the highest-ranking mattress companies on the Blog, having received a "World-Class" rating and appearing third on the "Reviews" page of the Blog:



See https://www.honestmattressreviews.com/mattress-reviews/ (emphases added).

13.     The Blog does not include any disclosure of *any* relationship or affiliation between HMR/Monahan and GhostBed.

### Monahan's Efforts to Hide His Prior and Continued Affiliation with GhostBed

14.     The facts regarding the steps apparently taken by Monahan to scrub his online profile of any evidence regarding his affiliation with GhostBed is set forth in Paragraphs 117-124.

## ARGUMENT

**I.    THE ADDITIONAL EVIDENCE PRESENTED STRONGLY SUPPORTS THE IMMEDIATE ISSUANCE OF A TEMPORARY RESTRAINING ORDER**

Purple is entitled to a temporary restraining order to cease Defendants' false and misleading conduct because, among other reasons, Defendants are substantially likely to prevail on the merits of their Lanham Act and other claims.

The false advertising provisions of the Lanham Act preclude the use in commerce of "false or misleading representation[s] of fact" that are likely to cause confusion or deception as to the "origin, sponsorship, or approval" of the person's goods, services, or commercial activities," or that "misrepresent[] the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."  15 U.S.C. § 1125(a)(1)(A)-(B).

As set forth above, HMR and Monahan have a direct relationship to GhostBed. Monahan, who is the CEO of HMR, is a member of GhostBed's Marketing Team, and therefore presumably an employee and contractor of the company.  Monahan therefor has a pecuniary interest in GhostBed's success, even if he does not also receive separate or direct compensation for the highly favorable reviews he posts about GhostBed on the HMR website.  This relationship is not disclosed on the Blog or elsewhere, and Monahan has taken steps to hide this relationship from his online profile.  In fact, the Blog expressly and specifically disclaims *any* with *any* mattress company, which necessarily includes any relationship to GhostBed.

Based on the evidence provided by Mr. Zoller, Monahan's prior and continuing affiliation with Ghostbed, and the highly favorable reviews of GhostBed on the Blog,

Defendants' statements regarding the lack of any affiliation with any mattress company, including the statements regarding the purported independence and neutrality of the Blog, are both literally false and likely to mislead consumers.  These statements create confusion as to the source and origin of the Blog and as to the nature, characteristics, and qualities of the Blog, its services, and its commercial activities, such that Purple is highly likely to prevail on the merits of its Lanham Act claim.  *See, e.g., Casper Sleep, Inc. v. Mitcham*, ___ F. Supp. 3d ___, 2016 WL 4574388, *5 (S.D.N.Y. Sept. 1, 2016) (holding that Casper stated claim against mattress reviewer directly suggested, *inter alia*, that he had a relationship with Casper when he did not, and where the reviewer changed a review in response to Casper's termination of its affiliate relationship with the mattress reviewer).[1]

Defendants' statements regarding the alleged independence and neutrality of the Blog are also misleading because of what they do *not* do, i.e., disclose the *ongoing* relationship between HMR/Monahan and GhostBed.  Although the Lanham Act does not always "impose an affirmative duty of disclosure," the Act does require disclosure where, as here, omissions of relevant facts "render affirmative statements false or misleading." *Casper I*, 2016 WL 4574388, at *4.  Unlike in the *Casper I* case, where the

---

[1] These statements are also in violation of the (on-binding) Guidelines promulgated under of the Federal Trade Commission Act, which requires connections between a seller and an endorser to be disclosed when the connection "might materially affect the weight or credibility of the endorsement (i.e., the connection is not reasonably expected by the audience."  16 C.F.R. § 255.5.  This violation "may and should" be considered as "a basis for asserting false advertising under the Lanham Act." *Casper I* 2016 WL 4574388, at * 4 (quoting *Manning Int'l, Inc. v. Home Shopping Network, Inc.*, 152 F. Supp. 2d 432, 437 (S.D.N.Y. 2001)).

defendant mattress review site included affirmative statements to the effect that the reviewer received compensation from *many* mattress companies, which was in effect true because he did not receive compensation from *all* mattress companies, in this case, HMR and Monahan disclaim any relationship to *all* mattress companies, therefore rendering false and misleading the omission from the Blog of their relationship to and pecuniary interest in GhostBed.

## II.   PURPLE IS ENTITLED TO AN *EX PARTE* TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS

Federal Rule of Civil Procedure 65 authorizes a federal court to issue a temporary restraining order on an *ex parte* basis when:  "(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  Purple satisfies both prongs.

First, as set forth in the TRO Motion and above, Purple is suffering immediate and irreparable harm resulting from Defendants' conduct.  Despite Defendants' false and misleading statements regarding the unequivocal relationship between HMR/Monahan and GhostBed, the safety and quality of Purple's products, and Purple's positive reputation and goodwill, Defendants' false advertising are already confusing customers, diverting customers, and harming Purple's reputation and goodwill.  *Ex parte* relief is therefore warranted on this basis.

Second, as detailed in the Declaration of James E. Magleby Regarding Notice of Temporary Restraining Order, attached hereto as Exhibit "2," Purple has already

commenced and continues its efforts to provide notice of this action and Purple's TRM

Motion to Defendants.  In addition, Purple will make its best efforts to provide advance

notice of any hearing scheduled in this matter to Defendants.  For this additional reason,

an *ex parte* temporary restraining order should immediately issue.

**CONCLUSION**

For these reasons and as set forth in Purple's Motion for Temporary Restraining

Order, Purple respectfully asks the Court to grant the motion and issue a temporary

restraining order.

DATED this 28th day of February, 2017.

**MAGLEBY CATAXINOS & GREENWOOD**


/s/ James E. Magleby
James E. Magleby
Christine T. Greenwood
Adam Alba
*Attorneys for Plaintiff Purple Innovations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS &

GREENWOOD, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that

pursuant to Rule 5 of the Federal Rules of Civil Procedure, I am attempting to serve a

true and correct copy of the foregoing **SUPPLEMENTAL MEMORANDUM IN**

**SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST**

**FOR *EX PARTE* RELIEF** upon the following via U.S. Mail, electronic mail, and personal

service:

HONEST MATTRESS REVIEWS                    Ryan Monahan
c/o Ryan Monahan                                    900 North Federal HWY
900 North Federal HWY                             Suite 220
Suite 220                                              Boca Rotan, Florida 33432
Boca Rotan, Florida 33432

GHOSTBED
7143 West Broward Blvd.
Plantation, Florida 33317

A report concerning service will be made to the Court as soon as possible.

Dated this 28th day of February, 2017.

/s/ Adam Alba

1