James E. Magleby (7247)
  magleby@mcgiplaw.com
Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Adam Alba (13128)
  alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Purple Innovations, LLC

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURPLE INNOVATIONS, LLC,** A Delaware limited liability company,<br><br>         Plaintiff,<br>v.<br><br>**HONEST REVIEWS, LLC,** a Florida Corporation, **RYAN MONAHAN,** an individual, and **GHOSTBED,** a Delaware corporation,<br><br>         Defendants. | TEMPORARY RESTRAINING ORDER<br><br><br><br><br><br>Case No.:  2:17-cv-00138-PMW<br><br>Honorable Dee Benson |

Based upon the Motion for Temporary Restraining Order (Dkt. 8) (the "TRO Motion") filed by Plaintiff Purple Innovations, LLC ("Plaintiff" or "Purple"), against Defendants Honest Reviews, LLC, dba as or through www.honestmattressreviews.com ("HMR"), Ryan Monahan ("Monahan"), and GhostBed, Inc. ("GhostBed") (collectively, "Defendants"), for good cause shown, and pursuant to Federal Rule of Civil Procedure 65, the Court orders as follows:

1. This Order was issued on March 2, 2017, at the hour of 1:00 P.M.

2. This Order shall remain in effect for 14 days following the entry of this Order, unless the Court for good cause extends the Order or Defendants otherwise consent to a longer extension.

3. Plaintiff has a substantial likelihood of prevailing on the merits of the claims for which injunctive relief is sought, and there are serious issues on the merits of those claims that merit further litigation, including Plaintiff's claims that Defendants have violated the Lanham Act, defamed Purple and its goods, and tortiously interfered with Purple's economic relations.

4. Unless an injunction issues, Plaintiff will suffer irreparable harm, including but not limited to permanent injury to its goodwill and reputation, its ability to do business, and/or a loss of business in an amount difficult or impossible to quantify in monetary amount.

5. Plaintiff has provided multiple declarations, reflecting notice to the Defendants, through various means. The Court is satisfied that the Defendants have notice of these proceedings. Given the irreparable harm Plaintiff has suffered and will continue to suffer until an injunction is issued, further delay is unwarranted.

6. An injunction would not be adverse to the public interest.

7. The threatened injury to Plaintiff outweighs whatever damage an injunction could cause to Defendants.

8. Therefore, under Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116(a), Plaintiff is entitled to a temporary restraining order ("TRO").

9.     Defendants are hereby ORDERED as follows:

(a)    Defendants shall immediately remove each of the four "Articles" and the "PSA" regarding Purple and its products, as identified in Plaintiff's TRO Motion ¶ 37 and elsewhere in the motion, from the [www.honestmattressreviews.com](www.honestmattressreviews.com) website, from all social media forums, including, without limitation, Facebook, Twitter, YouTube, and Instagram, and from any other online location where the statements are located;

(b)    Defendants shall immediately remove the "Disclaimer" statements identified in Plaintiff's TRO Motion, ¶¶ 132-134, 137-38, from the [www.honestmattressreviews.com](www.honestmattressreviews.com) website, from all social media forums, including, without limitation, Facebook, Twitter, YouTube, and Instagram, and from any other online location where the statements are located;

(c)    Defendants shall immediately remove the "Poor" ranking of Purple from the "Industry Leading Mattress Reviews" section, identified in the TRO Motion ¶ 143, from the [www.honestmattressreviews.com](www.honestmattressreviews.com) website, from all social media forums, including, without limitation, Facebook, Twitter, YouTube, and Instagram, and from any other online location where the statements are located;

(d)    Defendants shall immediately cease from any online promotion of the statements referenced in preceding sub-paragraphs (a)-(c), including through any Facebook advertising or promotion.

(e)    Defendants shall not attempt to circumvent the intent of this Order by make new statements about Purple or its products which are false and

misleading and convey the same substantive message as in the statements referenced in preceding sub-paragraphs (a)-(c), including through the "clever use of innuendo, indirect intimations, and ambiguous suggestions." *Cotrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (citations omitted).

    (f)    In accordance with 15 U.S.C. § 1116(a) Defendants shall, within thirty days from the date this Order is served upon them, file with the Court and serve upon Purple a report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction; and

    (g)    Defendants are hereby restrained from making false, misleading, or confusing posts or discussions on social media or otherwise about the existence of this lawsuit, the Court's temporary restraining order or other any other orders that may be issued by the Court, or about Purple's efforts in this lawsuit to restrain Defendants from continuing to engage in the conduct at issue, in an attempt to circumvent the purpose of the injunctive relief sought by Purple.

10.    This Order binds and is enforceable against not only Defendants, but also Defendants' officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants and/or Defendants' officers, agents, servants, employees, and/or attorneys.

11. This Order is issued without bond.

DATED this 2nd day of March, 2017.

UNITED STATES DISTRICT COURT

_____

**JUDGE DEE BENSON**
**FEDERAL DISTRICT COURT JUDGE**
