Eleanor M. Yost *(Motion for admission pro hac vice pending)*
Ethan Horwitz *(Motion for admission pro hac vice pending)*
CARLTON FIELDS
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607
EYost@carltonfields.com
EHorwitz@carltonfields.com
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133

Bryson R. Brown (Utah Bar No. 14146)
Heather L. Thuet (Utah Bar No. 10106)
Phillip S. Ferguson (Utah Bar No. 1063)
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Facsimile: (801) 355-3472
phillip.ferguson@chrisjen.com
heather.thuet@chrisjen.com
bryson.brown@chrisjen.com
*Attorneys for Defendant GhostBed, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATIONS, LLC, a Delaware limited liability company,<br><br>*Plaintiff*,<br><br>vs.<br><br>HONEST REVIEWS, LLC, a Florida corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation,<br><br>*Defendants*. | **DEFENDANT GHOSTBED, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**<br><br><br>Civil No. 2:17-cv-00138<br><br>District Judge Dee Benson |

Pursuant to the Court's Order dated March 9, 2017 (Dkt. 35), Defendant GhostBed, Inc. ("GhostBed") respectfully submits this opposition to Plaintiff Purple Innovations, LLC's ("Purple's") Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt (Dkt. 17.)

In its motion, Purple speculates that GhostBed is "working together" with Honest Reviews, LLC and Mr. Monahan to post new articles on the honestmattressreviews.com website in violation of the Court's Temporary Restraining Order. (Dkt. 17 at 1-2, n.4.) But for all the reasons detailed in GhostBed's Motion to Dismiss (Dkt. 36), and the sworn declarations of GhostBed's CEO, Mr. Werner, and Mr. Monahan himself, GhostBed did not violate the Court's Order because it does not own, operate, or contribute to the website in any way. (*See* Dkt. 31, Declaration of M. Werner, dated March 8, 2017 ("Werner Decl.") at ¶¶ 3-6; Dkt. 30, Declaration of R. Monahan, dated March 7, 2017 ("Monahan Decl.") at ¶ 12.)

GhostBed had no involvement with, let alone any control over, what Mr. Monahan and Honest Reviews, LLC chose to say when conveying information about Purple on the honestmattressreviews.com website. (Werner Decl. at ¶¶ 3-7.) Purple alleges—in a footnote—that GhostBed should nevertheless be held accountable because Mr. Monahan is currently an employee of GhostBed's marketing department, has an office at GhostBed's headquarters in Florida and a telephone extension at that office, and can be reached using the email address marketing@ghostbed.com. (Dkt. 17 at n. 4.) **But none of those things are true**. Mr. Monahan is not, and has never been, an employee of GhostBed. (Werner Decl. at ¶ 11.) Mr. Monahan does not have an office at GhostBed, or a phone extension, or an email address. (*Id*. at ¶¶ 15-19.) And Mr. Monahan cannot be reached by calling the number on GhostBed's website. (*Id*. at ¶ 18.)


Purple relies on a declaration from its own paid private investigator that called GhostBed's customer service number and spoke to a staffing agency contractor about Mr. Monahan. (Dkt. 17 at n. 4.) Far from confirming Purple's conspiracy theory, though, the actual transcript of that phone call shows that it was the *investigator* who informed GhostBed's customer representative that there was an employee named Monahan, and the customer representative responded that he was possibly in the northeast. (Dkt. 31, Exhibit 3, Transcript of Telephone Call ("Transcript") at 2; Werner Decl. at ¶¶ 22-34.) The rest of the transcript makes plain, though, that the customer service representative did not know who Purple's private investigator was calling about. (Transcript at 2-3.) Purple's so-called evidence of "collusion" simply does not pass muster.

The *only* credible evidence in the record—sworn affidavits based on first-hand knowledge—show that GhostBed: (i) does not own or control the honestmattressreviews.com website; (ii) did not publish, direct, or otherwise suggest to anyone to publish any content on the honestmattressreviews.com website; (iii) does not currently employ (and has never employed) Mr. Monahan; and (iv) is not compensating Mr. Monahan or Honest Reviews, LLC in any way, directly or indirectly, in connection with the honestmattressreviews.com website. (Werner Decl. at ¶¶ 9-11, 15-20; Monahan Decl. at ¶ 12.) GhostBed, therefore, was not in a position to delete or modify any of the website posts identified in the Court's Order. Nor could it contribute to the new posts complained about in Purple's motion. For all of these reasons, and those set forth in GhostBed's Motion to Dismiss, GhostBed cannot be held in contempt and Purple's motion should be denied.

DATED this 13th day of March, 2017.

                                    CHRISTENSEN & JENSEN, P.C.

                                    s/ Bryson R. Brown
                                    Phillip S. Ferguson
                                    Heather L. Thuet
                                    Bryson R. Brown
                                    *Attorneys for Defendant GhostBed, Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that I have this day filed the foregoing **DEFENDANT GHOSTBED, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT** with the Clerk of the Court via the Court's ECF System, which caused a copy to be served upon all counsel of record.

DATED this the 13th day of March, 2017.

                                                       /s/ Bryson R. Brown