Marc J. Randazza (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Telephone: (702) 420-2001
Facsimile:  (305) 437-7662
ecf@randazza.com

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047
Telephone: (801) 565-0894
Facsimile:  (801) 565-1099
wandrew48@ymail.com

*Attorneys for Honest Reviews, LLC
and Ryan Monahan*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PURPLE INNOVATIONS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> HONEST REVIEWS, LLC, a Florida Corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation, <br><br> Defendants. | **DEFENDANTS HONEST REVIEW, LLC AND RYAN MONAHAN'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(3) OR, IN THE ALTERNATIVE, TO TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA** <br><br> Case No.: 2:17-cv-00138-PMW <br><br> Honorable Dee Benson |

## 1.0     STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR RELIEF

Defendants Honest Reviews, LLC ("Honest Reviews") and Ryan Monahan (collectively, "Defendants"), hereby file their Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and 12(b)(3), and request dismissal of all Plaintiff Purple Innovations, LLC's ("Purple") claims against them as alleged in Purple's First Amended Complaint.  (*See* Dkt. No. 63).  Should this Court find dismissal is not otherwise warranted, Defendants request, in the alternative, that the case be transferred to the U.S. District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a).[1]

## 2.0     INTRODUCTION

Plaintiff is suing three Florida defendants in a case where all of the allegedly offending conduct took place in Florida, and where all of the relevant witnesses are in Florida.  Plaintiff elected to sue in Utah, in a likely attempt to try to avoid Florida's recently enacted Anti-SLAPP statute.  Defendants do not have any connections to Utah.  Purple is not incorporated in Utah and does not allege that it suffered any harm in Utah.  Purple does not even allege that anyone in Utah read or saw any of the content mentioned in the First Amended Complaint.  The State of Utah does not have any significant relationship with this case, and neither Defendant is properly before this Court.  Although Purple was aware Defendants contested personal jurisdiction, *see* Dkt. Nos. 28, 45, & 48, nothing in the First Amended Complaint cures the jurisdictional defect; not a single additional fact mentioning "Utah" is alleged between the original Complaint and the First Amended Complaint.  *Compare* Dkt. No. 2 with Dkt. No. 63.

## 3.0     STATEMENT OF FACTS

Defendants Monahan and Honest Reviews both reside in Florida.  (*See* Dkt. No. 63 at ¶¶ 7-8.)  Defendant Honest Reviews is organized under the law of the State of Florida and does not do business in the State of Utah pursuant to Utah Code Ann., § 48-3a-901 *et seq.*  (*See* Dkt.

---

[1]     To the extent applicable, Defendants incorporate by reference Defendant GhostBed, Inc.'s Motion to Supplement GhostBed, Inc.'s Motion to Dismiss the Complaint (Dkt. No. 62).

No. 63 at ¶ 7; Dkt. No. 30 at ¶ 5.)  Defendant Monahan has never worked in nor even visited the State of Utah, has never sued anyone in Utah, and has never owned a checking account or paid taxes in Utah.  (*See* Dkt. No. 30 at ¶ 4.)  Defendant Honest Reviews does not own property or bank accounts in Utah and has never paid taxes there, has never sued anyone in Utah, and has never sold any goods or services in Utah.  (*See id*. at ¶ 5.)  Neither of these defendants have the slightest connection to this state.

All of Purple's claims are based on statements published on the consumer review web site <honestmattressreviews.com>, which is operated by Honest Reviews.  (*See id*. at ¶ 2.)  Purple does not allege in its First Amended Complaint that anyone in Utah has ever read anything posted on the <honestmattressreviews.com> web site, much less the articles that are the subject of the First Amended Complaint.  Defendant Honest Reviews does not receive any revenue from affiliate sales of products discussed or reviewed on the web site.  (*See* Dkt. No. 30 at ¶¶ 11-13; *see also* Dkt. No. 31 at ¶ 9.)  Its sole source of revenue is from Google AdSense, which places ads on each page of the web site, keyed to each individual user's browser history.  (*See* Dkt. No. 30 at ¶ 13.)

## 4.0   STATEMENT OF ISSUES

### 4.1   Fed. R. Civ. P. 12(b)(2)

It is a plaintiff's burden to "assert[ ] a prima facie case of personal jurisdiction."  *All Am. Sec. Corp. v. Borealis Mining Co., LLC*, 2015 U.S. Dist. LEXIS 173103, *2 (D. Utah Dec. 30, 2015).  Further, "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."  *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  Under such circumstances, mere unsupportable, conclusory statements that a defendant "is conducting business" in the forum state are insufficient to satisfy the plaintiff's burden.  *Id.*

Even if Purple were only required to make a prima facie case of personal jurisdiction, it must "make this prima facie showing by demonstrating, via affidavit or other written materials,

facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).   Defendants can defeat this showing by "present[ing] a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Personal jurisdiction is appropriate only if the applicable state's long-arm statute permits the court to exercise jurisdiction, and only if the exercise of jurisdiction comports with due process. *See Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015).   Utah's long-arm statute, Utah Code Ann. § 75B-3-205, is coterminous with the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.   *Go Invest Wisely LLC v. Barnes,* 2016 UT App 184, P12 (Utah Ct. App. 2016).   Neither general nor specific personal jurisdiction over Defendants lies in this Court.

### 4.2    Fed. R. Civ. P. 12(b)(3)

While Plaintiff cites to 28 U.S.C. § 1400(b) as establishing venue in this District, that statute applies only to copyright and patent claims.   (*See* Dkt. No. 63 at ¶ 13.)   Plaintiff raises neither copyright nor patent claims.   There is no special venue statute for trademark (Lanham Act) claims, and so venue is only appropriate in this District if permitted under 28 U.S.C. § 1391.   Venue is appropriate under Section 1391 in a district where, as relevant here, (1) any defendant resides if all defendants reside in that state; or (2) a district "in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."   28 U.S.C. § 1391(b).   An individual resides where he is domiciled, and a defendant entity is deemed to reside in any district that has personal jurisdiction over that defendant.   *See* 28 U.S.C. § 1391(c).   The plaintiff has the burden of showing that venue is appropriate both as to each claim and as to each defendant.   *See Stewart v. Stoller*, 2008 U.S. Dist. LEXIS 66782, *9-10 (D. Utah Aug. 28, 2008); *see also B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002).   And a court need not accept as true any factual assertions by the plaintiff that are controverted.   *See Mohr v. Margolis, Ainsworth &*

*Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006), cited favorably *TFG - N.J., L.P. v. Mantiff Jackson Nat'l Hosp. LLC*, No. 2:08-CV-361 TS, 2008 U.S. Dist. LEXIS 87180, at *3 (D. Utah Oct. 28, 2008).  As no defendants reside in this district and none of the events giving rise to the First Amended Complaint occurred in this district, venue is improper.

**5.0     ARGUMENT**

> **5.1     This Court Cannot Exercise General Jurisdiction Over Defendants, and So Plaintiff's Claims Should Be Dismissed**

Defendants are Florida citizens and do not conduct any business in Utah, thus they are not subject to general jurisdiction here.  Courts may exercise general jurisdiction over a defendant "where the defendant's contacts, while not rising to the level of the traditional notion of presence in the forum state, are nonetheless 'continuous and systematic.'"  *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).  The plaintiff must show that the defendant has contacts with the forum state sufficient to "constitute the kind of continuous and systematic general business contacts" required for general jurisdiction.  *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 416 (1984).  Courts look to multiple factors in making this determination, such as:

> (1) Whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

*Kuenzle*, 102 F.3d at 457.

None of these five factors are present here, and Purple has not alleged any facts establishing them.  Monahan is an individual who has never even visited Utah and has no property or bank accounts there.  (*See* Dkt. No. 30 at ¶ 4.)  Honest Reviews does not have any business in Utah, does not own property there, and has never paid taxes in the state.  (*See* Dkt. No. 30 at ¶ 5.)  There is no evidence in existence that they have "conducted continuous and systematic business in the

state of Utah, [and] have numerous contacts with the state of Utah," as alleged in the First Amended Complaint.  (Dkt. No. 63 at ¶ 12.)  Purple does not make a single factual allegation to back up this conclusory statement, and so there is no basis for the Court to exercise general jurisdiction over Defendants.

Defendants lack the continuous and systematic presence necessary for this Court to exercise general personal jurisdiction over them.

### 5.2     This Court Cannot Exercise Specific Jurisdiction Over Defendants

Just as there is no general jurisdiction over Defendants, Plaintiff cannot demonstrate that this Court can exercise personal jurisdiction over Defendants regarding the specific claims in this action.  There is a two-part inquiry in deciding whether it is proper to exercise specific jurisdiction.  The Court first determines whether the defendant has such "minimum contacts" with the forum state "that [it] should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Cor. v. Woodson*, 444 U.S. 286, 291, 297 (1980).  If these contacts are sufficient, the Court then considers whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice."  *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### 5.2.1    Defendants Do Not Have Sufficient Minimum Contacts with Utah

There are two considerations in determining whether a defendant has sufficient minimum contacts necessary for a court to exercise personal jurisdiction: (1) the defendant "must have 'purposefully directed' its activities at residents of the forum state"; and (2) "the plaintiff's injuries must 'arise out of' defendant's forum-related activities."  *Dudnikov v. Chalk & Vermillion Fine Arts*, 514 F.3d 1063, 1071 (10th Cir. 2008) (citing *Burger King Corp.*, 471 U.S. at 472.

Mere "random, fortuitous, or attenuated contacts" with the forum is insufficient to establish personal jurisdiction.[2]  *Burger King Corp.*, 471 U.S. at 475.

In jurisdictional disputes involving statements made on the Internet, the most common test used to determine purposeful direction is the "effects test" established in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984).  This test requires the plaintiff to establish three elements: "(1) [an] intentional action,[3] (2) express aiming at the forum state, and (3) knowledge that the brunt of the injury would be felt in the forum state."  *Newsome v. Gallacher*, 72 F. 3d 1257, 1268 (10th Cir. 2013) (citing *Dudnikov*, 514 F.3d at 1072).  Under this test, "the mere allegation that an out-of-state defendant . . . has committed . . . business torts that have allegedly injured a forum resident does not necessary establish that the defendant possesses the constitutionally required minimum contacts."  *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995).  In that case, the Tenth Circuit made it clear that it has a heightened threshold when it comes to the *Calder* effects test.

To establish "express aiming," Purple must show that Utah was the "focal point" of Defendants' conduct.  *Far West Capital*, 46 F.3d at 1080.  Purple cannot establish this element merely by alleging that Defendants harmed a known Utah resident.  *See Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014); *see also Dudnikov*, 514 F.3d at 1077; *ClearOne, Inc v. Revolabs, Inc.*, 2016 UT 16, 369 P.3d 1269 (2016) (rejecting claim of personal jurisdiction where only connection to Utah was the plaintiff's domicile); *Rockwood Select Asset Fund XI(6)-1, LLC v. Devine, Millmet & Branch*, 750 F.3d 1178 (10th Cir. 2014) (rejecting claim of personal jurisdiction where only connection to Utah was plaintiff's domicile, even where the defendants had knowledge of same

---

[2]    It is important to keep in mind that the <honestmattressreviews.com> website is purely passive and informational; Defendants do not transact any business through it.  "Websites that are passive and provide information do not establish a basis for personal jurisdiction, while websites through which business is conducted firmly establishes a basis for personal jurisdiction."  *Hydro Eng'g, Inc. v. Landa, Inc.*, 231 F. Supp. 2d 1130, 1134 (D. Utah 2002).

[3]    Defendants do not dispute that their conduct was intentional; they posted complained-of content on the <honestmattressreviews.com> website and linked to it on social media platforms.

and communicated with the plaintiff there).  Personal jurisdiction is not appropriate if there is "no evidence that defendants' alleged torts had any connection to Utah beyond plaintiff's corporate domicile."  *Far West Capital*, 46 F.3d at 1080.

The mere fact that the <honestmattressreviews.com> web site is accessible in Utah is not sufficient; the Tenth Circuit has already found that if this could subject a defendant to personal jurisdiction "in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist." *Schrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011).  The *Biddinger* court found that posting statements on the Internet, "without more [does not] subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)."  *Id.* Rather, there must also be "indications that a defendant deliberately directed its message at **an audience in the forum state** and intended harm to the plaintiff occurring primarily or particularly in the forum state."  *Id.* at 1241. (emphasis added).

This Circuit recognizes that this principle is especially important in defamation cases. "'Posting on the internet from [outside the forum state] an allegedly defamatory statement [about a forum resident] . . . does not create the type of substantial connection between [the poster] and [the forum state] necessary to confer specific personal jurisdiction.'"  *Id.* at 23 (quoting *Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010)).  "'[T]he plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under Calder.'"  *Id.* (quoting *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002)).  Instead, content on the Internet must be "directed specifically at a forum state audience or otherwise make the forum state the focal point of the message." *Id.* (citing *Arden*, 614 F.3d at 796; *Revell*, 317 F.3d at 473; *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) (story about a Virginia Plaintiff, when writer knew party was in Virginia was not enough, unless story targeted Virginia audience).  The *Biddinger* court explicitly found that this reasoning was consistent with this Circuit's more restrictive

application of the *Calder* "effects" test: "Some courts have held that the 'expressly aimed' portion of Calder is satisfied when the defendant individually targets a known forum resident. **We have taken a somewhat more restrictive approach, holding that the forum state itself must be the focal point of the tort**." *Id*. (quoting *Dudnikov*, 514 F.3d at 1074 n.9) (emphasis added).

There is nothing in Purple's First Amended Complaint to suggest any connection between Defendants and Utah, much less express aiming, other than Utah being Purple's principal place of business. (*See* Dkt. No. 63 at ¶ 6.) Defendants do not have any contacts with the State of Utah whatsoever. (*See* Dkt. No. 30 at ¶¶ 4-5.)[4] All of the conduct that Purple complains of took place on the <honestmattressreviews.com> website, namely, placing articles and videos on the site, and linking to this content on social media profiles. Purple does not even allege that anyone in Utah, let alone identifiable, prospective customers, looked at this content. The closest it comes to alleging this is asserting that "[e]ach of these posts or 'articles' is readily accessible to the public." (Dkt. No. 63 at ¶ 41.) Per *Biddinger*, this is insufficient.

Instead, the articles were made available on a web site "with no specific connection to Utah, to a non-specific audience located throughout the world." *Diesel Power Source, L.L.C. v. Crazy Carl's Turbos Inc.*, 2015 U.S. Dist. LEXIS 30060, *21 (D. Utah Mar. 10, 2015). This Court has found that, even where a defendant's online store could potentially be accessed in Utah and the defendant himself might have Utah customers, there is no personal jurisdiction in a Lanham Act claim. *See Younique, LLC, v. Youssef* , 2016 U.S. Dist. LEXIS 165522 at *10-14 (D. Utah Nov. 30, 2016). Accordingly, any "express aiming" argument can only rely on the coincidental fact that Purple, a Delaware company, allegedly has its principal place of business in Utah. The allegations thus have no connection with Utah other than the fact that this state may be

---

[4]    Whether Defendant GhostBed has any such contacts is irrelevant. Defendant Monahan is not an employee or agent of Defendant GhostBed. (*See id*. at ¶¶ 7-10.) Defendant Honest Reviews has never received any consideration from Defendant GhostBed, and GhostBed has never influenced the content of a review appearing on <honestmattressreviews.com>. (*See id*. at ¶¶ 12-13.)

Purple's "corporate domicile," and so the Court cannot exercise specific personal jurisdiction over Defendants. *Far West Capital*, 46 F.3d at 1080. As a result, the matter must be dismissed.

### 5.2.2   Exercising Personal Jurisdiction Over Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice

Fair play and substantial justice require dismissal. The inquiry as to whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice is a sliding scale; "'the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction.'" *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1092 (10th Cir. 1998) (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994)). There are multiple factors for a court to consider in determining reasonableness:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Id.* at 1095 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)). As Purple has not even alleged facts that establish sufficient minimum contacts, Defendants' burden of showing the five factors demonstrate unreasonableness is minimal.

### 5.2.2.1   Factor One: Burden on the Defendant

The first factor, burden on the defendant, "is of primary concern in determining the reasonableness of personal jurisdiction." *Id.* at 1096. Strong weighting of this factor "serves to prevent the filing of vexatious claims in a distant forum where the burden of appearing is onerous." *Id.* Defendants have no connection with Utah. They do not own property there, they do not conduct business or provide any goods or services there, and they have no reason ever to set foot in Utah. (*See* Dkt. No. 30 at ¶¶ 4-5.) Defendant Monahan is not a man of leisure, and Defendant Honest Reviews does not have an operating budget that allows it to easily afford interstate

litigation on the other side of the country.  It is excessively burdensome to force a Florida resident and small Florida business to litigate in Utah.  This factor thus weighs in Defendants' favor.

### 5.2.2.2    Factor Two: Forum State's Interest in Resolving the Dispute

Utah lacks a significant interest in resolving the dispute.  The second factor is concerned with the fact that "[s]tates have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors." *OMI Holdings, supra* at 1096. (citing *Burger King*, 471 U.S. at 483).  A state also has an interest in disputes requiring general application of the state's law.  *See Asahi*, 480 U.S. at 115.  While Purple alleges that Utah is its principal place of business, it is a Delaware corporation.  Purple does not allege that any potential customer in Utah even saw the complained-of articles, much less that any such person changed his opinion of Purple or altered his purchasing decisions based on them.  Furthermore, the Federal law claim predominates and considerations of state law are of lesser importance.

Moreover, to the extent there are significant issues of state law, it is the law of Florida, not the law of Utah, that govern.  For example, this District has already held that foreign Anti-SLAPP statutes are properly be applied in this Court.  *Diamond Ranch Acad., Inc. v. Filer*, 2016 U.S. Dist. LEXIS 19210, *10-14 (D. Utah Feb. 17, 2016) (applying California's Anti-SLAPP statute in defamation case against a California defendant).   Florida's Anti-SLAPP statute provides Defendants with protections against Purple's state law claims.  The anti-SLAPP protections, expressly foster a climate where Defendants are free to make the complained-of speech while one is in Florida are Florida's, not Utah's.  A contrary view would mean that every writer must analyze the law of the state where their subject is located, rather than simply writing as a free Floridian.  Thus, Florida law predominates over any interest Utah has in protecting a Delaware company.  Thus, this factor weighs against the exercise of personal jurisdiction in Utah.

### 5.2.2.3 Factor Three: Plaintiff's Interest in Receiving Convenient and Effective Relief

The third factor is concerned with whether the plaintiff's requested relief is available in an alternative forum. It weighs heavily "where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in a another [sic] forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." *Royal Ins. Co.*, 149 F.3d at 1097 (citing *Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985)). Purple's requested relief is just as available in Florida as in Utah. Its only statutory claim is a federal one, and Florida recognizes the common law state claims asserted in the First Amended Complaint. There is no danger of significant inconvenience in litigating in Florida, either, as all Defendants reside there and the majority of the witnesses are located in that state, given Purple's convoluted allegations as to a conspiracy involving corporate shell games among Florida entities. Indeed, these facts make it apparent that Purple would receive *more* convenient relief in Florida, as it would easily be able to procure all relevant witnesses in that forum. Even if this were not the case, Purple alleges that it is a bed-in-a-box industry leader, and is more capable of affording interstate litigation expenses than Defendants. This weighs in favor of Defendants.

### 5.2.2.4 Factor Four: The Interstate Judicial System's Interest in Obtaining the Most Efficient Resolution of Controversies

With respect to the fourth factor, courts evaluate whether Utah would best further the interstate judicial system's interest in obtaining efficient resolution of controversies. In other words, the court considers whether Utah is the most efficient place to litigate the parties' dispute. *See Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1281 (10th Cir. 2005). In evaluating this factor, courts look at the location of witnesses, the location of the underlying wrong, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation. *See id.*

Utah uses the "most significant relationship" test to determine which state's laws govern in tort actions.  *See Forsman v. Forsman*, 779 P.2d 218, 219 (Utah 1989).  This test looks to the contacts of a given state to determine which state has the most significant relationship to the dispute.  Courts look to the following contacts in making this determination: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."  *Id*.  As explained above, any allegedly tortious conduct took place in Florida; that is where Defendants are located, that is where they run the <honestmattressreviews.com> web site, and that is where the statements at issue in this case were published.  Florida is the only state with any significant connection to this dispute, and thus Florida law will apply to Purple's state law claims.

Further, the majority of likely witnesses, regarding all defendants, are located in Florida.  Any alleged harm most likely took place in Florida, where the owner of the <honestmattressreviews.com> web site is located and where at least a plurality of its likely readership is located.  There is also no indication that piecemeal litigation may result from having this dispute heard in Florida.  In fact, allowing the case to be heard in Florida would prevent piecemeal litigation, as there are three Florida defendants in this case and there is a discrepancy in the strength of jurisdictional allegations among them.  A single proceeding in Florida, where jurisdiction is unquestionably proper, would be much more efficient.

### 5.2.2.5    Factor Five: The Shared Interest of the Several States in Furthering Fundamental Substantive Social Policies

The fifth factor focuses here on whether Florida has a substantive interest in hearing this dispute.  Florida, unlike Utah, has a "fundamental state policy" to

> protect the right in Florida to exercise the rights of free speech in connection with public issues . . . . It is the public policy of this state that a person or governmental

> entity not engage in SLAPP[5] suits because such actions are inconsistent with the right of persons to exercise such constitutional rights of free speech in connection with public issues.

Fla. Sat. § 768.295(1).  Florida's Anti-SLAPP statute enacts this policy by permitting defendants to dispose of suits quickly that are filed "primarily because such person has exercised the constitutional right of free speech in connection with a public issue . . . ."  *Id*. at § 768.295(3). Speech in connection with a public issue includes "any written or oral statement that is protected under applicable law and . . . is made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, **news report, or other similar work**."  *Id*. at § 768.295(1)(a) (emphasis added).  The statute provides that such defendants have "a right to an expeditious resolution of a claim that the suit is in violation of this section," and provides a mechanism for early dismissal of such claims, as well as entitlement to attorneys' fees upon prevailing on such a motion.  *Id*. at § 768.295(4).

Defendants, as Florida residents, are entitled to the protections of Florida's Anti-SLAPP statute.  Purple filed this suit primarily because of the articles on the Florida-based <honestmattressreviews.com> web site.  These articles, which provide valuable information to consumers about Purple's products, fit well within the statute's definition of speech in connection with a public issue.  It is thus Florida's strong and explicit policy to protect Defendants from Plaintiff's suit.  Utah does not have any corresponding fundamental public policy.  Accordingly, this factor weighs heavily in favor of Defendants.

These five factors, on balance, demonstrate that the interests of fair play and substantial justice are best served where this Court does not exercise personal jurisdiction over Defendants. Thus, the case should be dismissed.

---

[5]  SLAPP is an acronym for Strategic Lawsuit Against Public Participation.

### 5.3    If the Court Finds That Purple Has Made a *Prima Facie* Case of Personal Jurisdiction, It Should Conduct an Evidentiary Hearing

It is apparent on the face of the First Amended Complaint that this Court cannot exercise personal jurisdiction over Defendants.  If, however, the Court feels that Purple has made a *prima facie* showing for personal jurisdiction, it should conduct an evidentiary hearing on the issue.  A plaintiff has the ultimate burden of showing personal jurisdiction by a preponderance of the evidence at trial or at a pretrial evidentiary hearing.  *See Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *see also Thies v. Lifeminders, Inc.*, 2002 U.S. Dist. LEXIS 22284, *3 (D. Kan. Nov. 6, 2002).  It is within a district court's discretion to conduct an evidentiary hearing on the issue of personal jurisdiction.  *See Fireman's Fund Ins. Co. v. Thyssen Mining Constrs. of Can.*, 703 F.3d 488, 494 (10th Cir. 2012) (citing *Dudnikov*, 514 F.3d at 1069).  Doing so now would be likely to expedite a resolution of the case.

Defendants anticipate there will be factual disputes on the issue of personal jurisdiction and thus request an evidentiary hearing.  Purple questioned several of Defendants' factual assertions concerning their relationship with Defendant GhostBed and their contacts with the State of Utah.  It requested expedited discovery primarily based on the assertion that it requires additional facts to establish personal jurisdiction.  (*See* Dkt. No. 39.)[6]  It even drafted proposed discovery requests on these subjects that it provided to the Court during the hearing on March 14, 2017.  Though the Court properly denied Purple's motion for expedited discovery, hypothetically, if the Court finds that Purple's jurisdictional allegations pass the smell test (they do not), it should permit all parties to submit evidence in support of their position as to personal jurisdiction and to permit the opposing parties contest that evidence.[7]  This is appropriate given the number of factual

---

[6]    Defendants do not, however, agree that expedited discovery is necessary or warranted, as the Court found in denying Purple's motion (*see* Dkt. No. 59).

[7]    To date, Plaintiff has failed to identify a single lost sale, let alone that it suffered harm in Utah specifically.  An examination of the alleged harm is relevant to the issues of express aiming and the interests of the forum state.

disputes at issue, and conducting such a hearing would resolve this issue quickly, which is important given the First Amendment implications of this case.

### 5.4    This is Not the Appropriate Venue for This Dispute, and So Plaintiff's Claims Should Be Dismissed

Venue is not appropriate here under 28 U.S.C. § 1391(b)(1).  As explained above, the Court cannot exercise personal jurisdiction over Defendants.  Even if there were some uncertainty as to this conclusion, however, and the Court were to exercise personal jurisdiction over Defendant Honest Reviews, thus making venue permissible under 28 U.S.C. § 1391(c)(2), venue would still not be appropriate because not all Defendants reside in Utah.

The only remaining question, then, is whether venue is appropriate under 28 U.S.C. § 1391(b)(2), which allows venue in a district "in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  In deciding the appropriate venue under this provision, a court must engage in a two-part analysis: it must (1) "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims," and (2) determine "whether substantial 'events material to those claims occurred' in the forum district."  *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165-66 (10th Cir. 2010); *see also The Premier Grp., Inc. v. Bolingbroke*, 2015 U.S. Dist. LEXIS 97645, *13-14 (D. Colo. July 27, 2015).  "The locus of damage to a plaintiff has not been found to be the basis for setting venue."  *Fodor v. Hartman*, 2006 U.S. Dist. LEXIS 35013, *13 (D. Colo. May 30, 2006) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)).  It is the actions of the defendant, not the plaintiff, that determine the

appropriate venue.[8]  *See W. Fuels Ass'n v. Turning Point Project*, 2001 U.S. Dist. LEXIS 26301, *8 (D. Wyo. Mar. 31, 2001) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (9th Cir. 1995)).

Nothing in Purple's First Amended Complaint suggests any connection between Defendants and Utah other than Utah being Purple's claimed principal place of business. (*See* Dkt. No. 63 at ¶ 6.)  Defendants do not have any contacts with the State of Utah whatsoever, all of the conduct that Purple complains of took place on the <honestmattressreviews.com> web site, and Purple does not allege that anyone in Utah looked at this content.  Any argument that a "substantial part" of the actions giving rise to Purple's claims took place in this District can only rely on the coincidental fact that Purple, a Delaware company, allegedly has its principal place of business in Utah.  Purple's corporate domicile is the only connection to Utah, and so venue is not appropriate here.  To the extent that Purple can attempt to argue that it suffered harm in Utah, though it has to date provided no information on any harm it allegedly suffered, this does not establish venue.  *See Turning Point*, 2001 U.S. Dist. LEXIS 26301 at *7-9 (finding that advertisement published online directed at Wyoming plaintiff, and thus allegedly primarily causing harm in Wyoming, that was developed and published outside Wyoming did not establish venue in Wyoming).  For example, the court in *Navajo Health Found. v.* Burwell, 86 F. Supp. 3d 1211, 1246-47 (D.N.M. Feb. 5, 2015) found that allegations of the defendant using Arizona publications to publish disparaging statements that then harmed the plaintiff's reputation among New Mexico patients did not establish venue in New Mexico.  *See id.* at 1246-47.

---

[8]    Although in *Diesel Power Source, L.L.C. v. Crazy Carl's Turbos Inc.*, 2015 U.S. Dist. LEXIS 30060 at *28 (D. Utah Mar. 10, 2015) it was determined that venue was proper in Utah where a Tennessee defendant published defamatory statements regarding a Utah business, it did so in reliance on *Forte Supply, LLC v. Mojo Frozen Yogurt, LLC*, Civil Action No. 13-cv-00797-RM-BNB, 2013 U.S. Dist. LEXIS 140688, at *19-21 (D. Colo. Sep. 30, 2013).  The *Diesel Power Source* Court misconstrued *Forte Supply*, where that defendant specifically contacted the Colorado Better Business Bureau and hindered relations with Colorado customers.  Here, unlike in *Forte Supply,* Defendants have not "reach[ed] into" Utah.

- 17 -

As no substantial events related to Purple's claims took place in this District, the Court should dismiss this case as to Defendants.

### 5.5    In the Alternative, This Case Should Be Transferred to the Southern District of Florida

Even if this District were an appropriate venue for this action, it would make significantly more sense for this dispute to be heard in the Southern District of Florida, where Defendants and all relevant witnesses reside.  This would be beneficial to Plaintiff as well, given that any alleged harm is more likely to be felt there, as <honestmattressreviews.com> is more likely to have a substantial readership in Florida than in Utah.  Thus, in the alternative, should dismissal not be appropriate, this matter may be transferred to the Southern District of Florida.

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought."  Defendants recognize that they "bear[] the burden of establishing that the existing forum is inconvenient."  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (internal quotation marks omitted).  "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."  *Id.* at 966. Defendants can meet this burden for many of the reasons that might otherwise warrant dismissal.

In considering a motion to transfer under § 1404(a), courts in the Tenth Circuit weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted).  These factors countenance a transfer.  With the exception of Plaintiff's

choice of forum, all of the factors are either neutral or favor Defendants.  Witnesses and proof are in Florida, making compulsory process more readily available and reducing the costs of making proof.  Judgments against Florida residents are more easily enforced in Florida.  It is advantageous to have a Florida court determine the protections of the Florida Anti-SLAPP law.  And trial in the three Defendants' home state would be more easy, expeditious, and economical.

"In a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law."  *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169-1170 (10th Cir. 2010).  Although the Tenth Circuit found the factor was not entitled to great weight where the legal issues were relatively simple and the substantive laws of the respective states were essentially equivalent, *see id.*, such is not the case here.  Though the basic nature of defamation and tortious interference claims are similar in Utah and Florida, and this Court is otherwise qualified to research and rule upon Florida law, there are essential differences in the overall determinations.  First, Florida's anti-SLAPP law is dissimilar from Utah's, as it has a broader ambit of protected speech.  Second, the test under Florida law for public figure status is different than that in Utah.

In Florida, a two-step approach is used to determine whether an individual is a public figure. At the outset, the court must determine whether the person is involved in a "public controversy," or a matter that reasonable people would expect to affect people beyond its immediate participants.  *Mile Marker Incorporated v. Peterson Publishing. LLC*, 881 So. 2d 841, 845-46 (Fla. 4th DCA 2002).  Second, after defining a public controversy, the court must further determine whether the Plaintiff played a sufficiently central role in the controversy to be considered a public figure.  *Id.* at 846; *Della-Donna v. Gore Newspapers Co.*, 480 So. 2d 72, 75 (Fla. 4th DCA 1986).

Third, under Florida law, the trade libel and tortious interference claims would be subject to dismissal, streamlining the case. Specifically, Florida claims are governed by the "single publication" rule, under which:

> "In Florida, a single publication gives rise to a single cause of action," and "[t]he various injuries resulting from it are merely items of damage arising from the same wrong." *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. Dist. Ct. App. 2002) (citing *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607 (Fla. Dist. Ct. App. 1975)). The rule prohibits defamation claims from being "re-characterized in additional, separate counts for [e.g.] libel, slander, or the intentional infliction of emotional distress if the claim arises from the same publication." *Kamau v. Slate*, No. 2012 U.S. Dist. LEXIS 158213, 2012 WL 5390001, at *7 (N.D. Fla. Oct. 1, 2012), report and recommendation adopted, 2012 U.S. Dist. LEXIS 158211, 2012 WL 5389836 (N.D. Fla. Nov. 5, 2012). "When claims are based on analogous underlying facts and the causes of action are intended to compensate for the same alleged harm, a plaintiff may not proceed on multiple counts for what is essentially the same defamatory publication or event." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014). Under these circumstances, courts have dismissed the offending counts. *See id.* at 1255-57 (barring a tortious interference claim under the single action rule upon a motion for summary judgment); *Ortega Trujillo v. Banco Cent. Del Ecuador*, 17 F. Supp. 2d 1334, 1339-40 (S.D. Fla. 1998) (dismissing a false light invasion of privacy claim with prejudice under the single action rule).

*Tobinick v. Novella*, 2015 U.S. Dist. LEXIS 8085 at *35 (S.D. Fla. Jan. 23, 2015) affirmed 848 F.3d 935 (11th Cir. 2017). Just as Tobinick's tortious interference claim was dismissed under the "single publication" rule, so too would Purple's be. Similarly, the trade libel/injurious falsehood claim is also barred under the rule. *See Kamau v. Slate*, 2012 U.S. Dist. LEXIS 158213, at *20-23 (N.D. Fla. Oct. 1, 2012). Thus, these state law differences, in addition to the other factors, weigh in favor of a transfer.

**6.0    CONCLUSION**

For the foregoing reasons, the Court should dismiss all of Purple's claims against Defendants for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and for improper venue under Fed. R. Civ. P. 12(b)(3). And, as Purple has already had the opportunity to amend, but did not (nor can it) assert any additional factual basis for jurisdiction or venue, knowing such was

contested, permitting further amendment would be futile. In the alternative, should dismissal not

be warranted, the matter should be transferred to the Southern District of Florida.

DATED this 24th day of March, 2017.

Respectfully submitted,

/s/ Marc J. Randazza

Marc J. Randazza (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047

*Attorneys for Honest Reviews, LLC
and Ryan Monahan*

Case No. 2:17-cv-00138-PMW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

Employee,
Randazza Legal Group, PLLC