Marc J. Randazza (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Telephone: (702) 420-2001
Facsimile: (305) 437-7662
ecf@randazza.com

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047
Telephone: (801) 565-0894
Facsimile: (801) 565-1099
wandrew48@ymail.com

*Attorneys for Honest Reviews, LLC*
*and Ryan Monahan*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATIONS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> HONEST REVIEWS, LLC, a Florida Corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation, <br><br> Defendants. | **HONEST REVIEWS, LLC AND RYAN MONAHAN'S OPPOSITION TO *EX PARTE* MOTION TO FILE UNDER SEAL – OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DUE DATE FOR REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Case No.: 2:17-cv-00138-DB <br><br> Honorable Dee Benson |

**MEMORANDUM OF LAW**

The courts do not belong to the parties – they belong to the people. *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("what transpires in the court room is public property"). What should have been a simple matter of professional courtesy – the granting of a reasonable extension of time – has now turned into a contested motion for extension of time with *now* a truly bizarre request – to seal an argument from the public docket. Plaintiff believes that it cannot oppose a *motion for an extension of time* without revealing top secret information, none of which is relevant to whether an extension is appropriate.

This is yet another attempt by the Plaintiff to multiply the proceedings unnecessarily, while taking a swipe at the First Amendment *again*.

Plaintiff claims that the opposition is meaningless without the "confidential" information, meanwhile the only information highlighted as "confidential" appears to be how many Facebook likes and re-tweets Plaintiff has had and how many questions or comments were made to it. This is hardly "confidential" information, since this information is readily gleaned from publicly available sources. In fact, the data does not even belong to Plaintiff; it belongs to the respective social media service providers. The information and exhibits provided are: argument of counsel (not confidential), letters to counsel (not confidential), letters to and from the government, which are freely available to the public through a Freedom of Information Act request.

The only thing that this motion seems to be about is that the Plaintiff is upset that the court did not grant a preliminary injunction, and an attempt to simply create drama to cover up unprofessional and discourteous conduct.

**1.0     Analysis**

There is both a First Amendment and common law right of access to court records. Both remind us that there is a strong presumption of openness in the judicial branch. That presumption should not be laid aside lightly. The Plaintiff has not provided any rational reason why those rights

should be abridged – especially over something so pedestrian as a motion to extend time. If there is some deep secret that must be revealed before Plaintiff can respond to something so minor, then there should be a serious inquiry.

The First Amendment requires public access to court proceedings. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 10 (1986).[2] The First Amendment, "protects the public's right to have access to judicial documents [and] has been understood to be stronger than its common law ancestor and counterpart." *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014). The Court should begin from a strong presumption in favor of access and, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

The common law protections of the right of access are even more historically entrenched. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978)*; see also Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994). The court may only seal documents "if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). "The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Id*. (quoting *Mann v. Boatright* 477 F.3d 1140, 1149 (10th Cir. 2007)). "[H]istorically both civil and criminal trials have been presumptively open." *E\*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980)); *see also id*. at 599 (Stewart, J., concurring); *and see Maryland v. Baltimore*

---

[2]    Every circuit that has considered whether the First Amendment requires public access in civil cases has concluded it does. *See, e.g., Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988); *In re Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983).

*Radio Show, Inc.*, 338 U.S. 912, 920 (1950) ("one of the demands of a democratic society is that the public should know what goes on in courts").

While the court has discretion to seal portions of the record, "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). "The party seeking to overcome the presumption" of public access to the documents "bears the burden of showing some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir 2007).

This is such an important right that the Court should consider its obligations to the public above that of the wishes of the parties. *See Hansen v. Police Dep't of Salt Lake City Corp.*, 2016 U.S. Dist. LEXIS 124798, *6 (D. Utah Sept. 13, 2016). In *Hansen* even when the Defendant did not object to a motion to seal, the Court wisely denied the motion – even though it was filed to protect a crime victim's privacy rights – certainly a greater interest than hiding how many Facebook likes Purple Mattress claims to have.

Here, access to all court records, are particularly important because this case involves matters of public concern – namely, there is at this point a very real cause for concern that the Plaintiff's product is harmful to public health.[3] Bizarrely enough, this entire sub-dispute arose because the Plaintiff's counsel claimed that Defense counsel had not been specific enough when asking for a short extension. *See* Doc. No. 73-1. Meanwhile, Plaintiff's counsel comes to this Court now asking that it set aside some of our most cherished common law and First Amendment rights on nothing at all but an *ex parte* motion, with even less detail. Moreover, nothing in the Plaintiff's opposition contains any material that could not be lawfully obtained from third party sources or an explanation as to why that material is even relevant to the opposition.

---

[3] It is worth noting that the Plaintiff has sought to extort the Defendant into withdrawing a complaint made to the Consumer Product Safety Commission. *See* Magleby letter to Randazza dated April 27, 2017, attached hereto as **Exhibit A**.

Adjudicating any part of a case in secret casts doubt on the system and the people will be left wondering what, precisely, is being covered up when very real safety issues have been raised. "What better way to demonstrate to the public that its courts are fair and just than to say to the public, 'come and view the proceedings yourself and judge for yourself?" *Suen v. Las Vegas Sands, Inc.*, District Court, Clark County, Nevada, Case No. A493744-C at 8 (Apr. 16, 2013).

**2.0     Conclusion**

The Plaintiff is a public figure that has put a potentially dangerous product into the marketplace.  Perhaps the day will come when there is some compelling reason to shield court documents from the public's eyes.  But, in such a pedestrian matter as a motion to extend time – a motion that would not even be necessary had common courtesy been respected, this Court should not open the Pandora's box of censorship.  Should the Court seriously consider doing so, it should only do so following an evidentiary hearing.  And, in the meantime, it should stay this case pending the outcome.

DATED this 2nd day of May, 2017.

Respectfully submitted,

/s/ D. Gill Sperlein

Marc J. Randazza (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047

*Attorneys for Honest Reviews, LLC
and Ryan Monahan*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 2, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

Employee,
Randazza Legal Group, PLLC