James E. Magleby (7247)
  magleby@mcgiplaw.com
Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Adam Alba (13128)
  alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Purple Innovation, LLC

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **PURPLE INNOVATION, LLC, A** Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>**HONEST REVIEWS, LLC**, a Florida Corporation, **RYAN MONAHAN**, an individual, and **GHOSTBED**, a Delaware corporation,<br><br>Defendants. | **REPLY IN SUPPORT OF *EX PARTE* MOTION TO FILE UNDER SEAL – OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DUE DATE FOR REPLY IN SUPPORT OF HONEST REVIEWS, LLC AND RYAN MONAHAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**Case No.: 2:17-cv-00138-DB**<br><br>**Honorable Dee Benson** |

Plaintiff Purple Innovation, LLC ("Plaintiff" or "Purple"), by and through its counsel of record MAGLEBY CATAXINOS & GREENWOOD, submits this Reply in Support of *Ex Parte* Motion to File Under Seal - Opposition to Defendant's Motion to Extend Due Date for Reply in Support of Honest Reviews, LLC and Ryan Monahan's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 74).

## INTRODUCTION

In an attempt to cloud what is typically a straight-forward request for relief, Defendants Honest Mattress Reviews ("HMR") and Ryan Monahan ("Monahan") (collectively, the "HMR Defendants") have opposed Purple's efforts to maintain the confidentiality of its trade secrets, including its sensitive technical and manufacturing information, and Purple's efforts to maintain as confidential the as yet unpublished materials relating Monahan's recently-filed complaints to the Consumer Product Safety Commission ("CSPC").[1] [See Opposition to Ex Parte Motion to File Under Seal (the "Opposition") (Dkt. No. 76)]. However, after peeling away the HMR Defendants' lengthy explications on the First Amendment, all that is left are misstatements about Purple's submissions and the availability of Purple's proprietary information and non-public communications to the CPSC to the public. Because Purple's submissions contain critical trade secret information, because the inclusion of such trade secret information is necessary to educate the Court about the irreparable harm the HMR Defendants' conduct is causing Purple, and because the CPSC complaints and responses have not and may never become public,[2] Purple's Ex Parte Motion to Seal should be granted.

---

[1] Monahan's complaints have not yet been published on the CPSC's public database, presumably because the CPSC is evaluating the truthfulness and legitimacy of the complaints. Under the CPSC's rules and regulations, there is a possibility that the complaints may not be published at all.

[2] Taking it upon themselves to determine that the non-public CPSC complaints and related communications are not subject to being sealed, the Monahan Defendants improperly included this non-public information both in the body of their opposition memorandum and in the exhibit to the memorandum, both of which they filed publicly today, despite being on notice of Purple's position that the materials are confidential.

## ARGUMENT

The local rules of this Court provide that that "[o]n motion of a party and a showing of good cause, a judge may order a . . . document filed in a civil case to be sealed." DUCivR 5-2(a). Noticeably absent from the HMR's Defendants' Opposition is any reference to this rule, or any use of the term "good cause." However, as demonstrated in Purple's Motion to Seal, good cause exists to allow Purple to file its opposition to the HMR Defendants' motion for an extension of time under seal because the submission and its exhibits contain a host of references to Purple's proprietary information, including details on the manufacturing of its products. For example, Exhibits 1, 2, and 3 to Purple's Opposition to Defendants' Motion for Extension of Time ("Opposition to Extension") are *non-public* letters written by Purple's in-house lawyers to the Consumer Product Safety Commission ("CPSC") concerning the HMR Defendants' lies about Purple's products. These letters are non-public, and have been designated "Attorneys Eyes Only" by Purple because they contain information concerning Purple's manufacturing process, and because Monahan's complaints to the CPSC may never become published by the CPSC. Exhibit 4 to the Opposition to Extension is a letter written by Purple's outside counsel regarding the non-public CPSC letters, and is therefore subject to the same protections. Because Purple's Opposition to Extension makes extensive and repeated references to the letters, the Opposition to Extension should also be filed under seal.

The HMR Defendants claim that the CPSC letters are "freely available to the public through a Freedom of Information Request," but they offer no support for this

assertion.  Unless and until the CPSC makes these letters available to the public, Purple may maintain the confidentiality of the contents of the letters, including the CPSC complaints themselves, which the Monahan Defendants – without any consultation with Purple – submitted as attachments to its publicly-filed opposition earlier today.

In addition to misstating what is publicly available, the HMR Defendants have failed to follow the proper course for challenging the confidentiality designations of Purple's documents.  Under the Standard Protective Order in this District (the "SPO"), if a party disagrees with another party's designation of protected information, the challenging party must request, in writing, that the designating party change the designation, "stating the reasons in that request."  [*See* SPO, § 9(b)].  Here, Purple has designated its CPSC letters as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  If the HMR Defendants disagree with Purple's designations, then they can follow the measured procedures in the SPO.  Having failed to do so, the HMR Defendants' Opposition is premature.

Finally, the HMR Defendants have failed to show any prejudice that will come to them from Purple's Opposition to Extension being filed under seal.

For the foregoing reasons, Purple requests that the Court grant its Motion to Seal.  Purple also requests that the HMR's Defendants' Opposition be removed from the Court docket and filed under seal because it contains information regarding the CPSC complaints and the complaints themselves.[3]

---

[3] Purple intends to seek this relief by separate motion pursuant to DUCivR 7-1.

DATED this 2nd day of May, 2017.

                                          **MAGLEBY CATAXINOS & GREENWOOD**

                                          /s/ James E. Magleby

                                          James E. Magleby
                                          Christine T. Greenwood
                                          Adam Alba
                                          *Attorneys for Plaintiff Purple Innovation, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS & GREENWOOD, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF *EX PARTE* MOTION TO FILE UNDER SEAL – OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DUE DATE FOR REPLY IN SUPPORT OF HONEST REVIEWS, LLC AND RYAN MONAHAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** upon the following via ECF this 2nd day of May, 2017:

Marc J. Randazza
 mjr@randazza.com
RANDAZZA GROUP, LLM
4035 South El Capitan Way
Las Vegas, NV 89147

W. Andrew McCullough
 wandrew48@ymail.com
W. ANDREW MCCULLOUGH, LLC
6885 South State Street, Suite 200
Midvale, Utah 84047

D. Gill Spierlin (*pro hic vice*)
 dgs@randazza.com
RANDAZZA GROUP, LLM
345 Grove Street
San Francisco, CA 94102

*Attorneys for Defendants Honest Reviews, LLC and Ryan Monahan*

Ethan Horwitz
 ehorwitz@carltonfields.com
Eleanor M. Yost
 eyost@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
The Chrysler Building
405 Lexington Ave
New York, NY 10174-0002

*Attorneys for GhostBed, Inc.*

Kathryn Tunacik Smith
 ksmith@strongandhanni.com
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111

*Attorneys for Defendant Ghostbed, Inc.*


                                    /s/ Zoe Perry_____