James E. Magleby (7247)
  magleby@mcgiplaw.com
Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Adam Alba (13128)
  alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Purple Innovation, LLC

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURPLE INNOVATION, LLC,** A Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>**HONEST REVIEWS, LLC,** a Florida Corporation, **RYAN MONAHAN**, an individual, and **GHOSTBED**, a Delaware corporation,<br><br>Defendants. | **REPLY IN SUPPORT OF *EX PARTE* MOTION TO SEAL DOCKET ENTRY NUMBER 76**<br><br><br><br><br><br>Case No.: 2:17-cv-00138-DB<br><br>Honorable Dee Benson |

Plaintiff Purple Innovation, LLC ("Plaintiff" or "Purple"), by and through its counsel of record MAGLEBY CATAXINOS & GREENWOOD, submits this Reply in Support of *Ex Parte* Motion to Seal Docket Entry Number 76.

Just two days ago, Defendants Ryan Monahan and Honest Mattress Reviews, LLC (the "HMR Defendants") requested a 30-day extension to file a reply in support of

their motion to dismiss Purple's First Amended Complaint.[1] [*See* Dkt. No. 73]. Since that time, instead of working on the reply, counsel for the HMR Defendants has devoted hours of time resisting Purple's simple requests to keep its confidential information under seal. In the process, counsel for the HMR Defendants has accused counsel for Purple of ethical transgressions in violation of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. If counsel for the HMR Defendants had spent as much time working on the reply as counsel spent resisting Purple's efforts to seal some documents in this case, then perhaps the HMR Defendants' reply could be finished by now.

In addition to taking the Court's time with needless filings, the HMR Defendants misstate the gravity and consequences of Purple's simple request to keep certain documents under seal, including with respect to the documents they filed publicly, [Dkt. Nos. 76 and 76-1], without consent or notice to Purple, making the outrageous and unilateral decision that the documents were public. For example, if there is any interest in the case, the public and the press currently have access to 82 out of 83 papers that have been filed in this case. To date, Purple has only requested that two filings and their attachments be sealed, which documents contain information about an as-yet non-public matter initiated by Monahan against Purple with the Consumer Products Safety

---

[1] As outlined in Purple's opposition to this extension, [*see* Dkt. No. 81], Counsel for Purple typically grants reasonable requests for extensions of time as a professional courtesy, but was unable to agree to a *30-day* extension due to the irreparable harm it is facing as a result of Defendants' conduct.

Commission (the "CPSC"),[2] and which include trade secret information belonging to Purple. There is simply no prejudice, to the Defendants or to the public, that arises from Purple's efforts to keep information private that is not otherwise publicly available. Any person interested in this case will have more than enough information to determine what issues are at stake.

The HMR Defendants argue that, because they publicly filed their opposition to Purple's motion to seal, along with Mr. Magleby's letter – which letter included as attachments Monahan's CPSC complaints – that information is now necessarily public and cannot be taken back, i.e., they claim the cat is out of the bag and cannot be put back in. However, a party clearly has a right to seek to seal pleadings and documents that have already been (wrongfully) filed by an opposing party. Purple did not let the cat out of the bag, and it may legitimately seek to seal those documents now.

The HMR Defendants' assertion that what Purple seeks to seal are Mr. Magleby's letter to counsel for the Monahan Defendants because it allegedly contains "ethical transgressions" is far beyond the mark. Purple seeks to have that letter sealed because it addresses the *nonpublic* CPSC complaints. The HMR Defendants' unilateral declaration that that those materials are public – especially in light of their knowledge that Purple contents they are confidential – is outrageous. Even the fact that a

---

[2] Of course, if the CPSC ultimately determines to publish the complaints filed by Monahan, then those complaints will become matters of public record that need no longer be sealed. The correspondence and trade secret information submitted by Purple to the CPSC, however, will and should remain confidential.

3

complaint has been filed remains confidential at this time.  The HMR Defendants do not have the right to declare the matter public.  That right belongs to the CPSC.

Dkt. No. 76 should also be sealed for the reasons articulated by Purple in its Reply In Support of *Ex Parte* Motion to File Under Seal – Opposition to Defendants' Motion to Extend Due Date For Reply in Support of Honest Reviews, LLC and Ryan Monahan's Motion to Dismiss for Lack of Personal Jurisdiction.  [*See* Dkt. No. 78].  Purple incorporates by reference its points and authorities in Dkt. No. 78.

For the foregoing reasons, Purple requests that the Court seal Dkt. No. 76.

DATED this 3rd day of May, 2017.

                                          MAGLEBY CATAXINOS & GREENWOOD

                                          /s/ James E. Magleby

                                          James E. Magleby
                                          Christine T. Greenwood
                                          Adam Alba
                                          *Attorneys for Plaintiff Purple Innovation, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS & GREENWOOD, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF *EX PARTE* MOTION TO SEAL DOCKET ENTRY NUMBER 76** upon the following via ECF this 3rd day of May, 2017:

Marc J. Randazza
 mjr@randazza.com
RANDAZZA GROUP, LLM
4035 South El Capitan Way
Las Vegas, NV 89147

W. Andrew McCullough
 wandrew48@ymail.com
W. ANDREW MCCULLOUGH, LLC
6885 South State Street, Suite 200
Midvale, Utah 84047

D. Gill Spierlin (*pro hic vice*)
 dgs@randazza.com
RANDAZZA GROUP, LLM
345 Grove Street
San Francisco, CA 94102

*Attorneys for Defendants Honest Reviews,
 LLC and Ryan Monahan*

Ethan Horwitz
 ehorwitz@carltonfields.com
Eleanor M. Yost
 eyost@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
The Chrysler Building
405 Lexington Ave
New York, NY 10174-0002

*Attorneys for GhostBed, Inc.*

Kathryn Tunacik Smith
 ksmith@strongandhanni.com
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111

*Attorneys for Defendant Ghostbed, Inc.*

