Marc J. Randazza (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Telephone: (702) 420-2001
Facsimile:  (305) 437-7662
ecf@randazza.com

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047
Telephone: (801) 565-0894
Facsimile:  (801) 565-1099
wandrew48@ymail.com

*Attorneys for Honest Reviews, LLC*
*and Ryan Monahan*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATIONS, LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>HONEST REVIEWS, LLC, a Florida Corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation,<br><br>          Defendants. | **HONEST REVIEWS, LLC AND RYAN MONAHAN'S OPPOSITION TO *EX PARTE* MOTION TO FILE UNDER SEAL – OPPOSITION TO DEFENDANT GHOSTBED, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Case No.: 2:17-cv-00138-DB<br><br>Honorable Dee Benson |

**MEMORANDUM OF LAW**

**1.0    INTRODUCTION**

The courts do not belong to the parties – they belong to the people.  *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("what transpires in the court room is public property").  Plaintiff Purple Innovations, LLC ("Purple"), however, has disregarded this imperative.

This is the *third* motion to file under seal that Plaintiff has filed within 6 days.  (*See* Dkt. Nos. 74, 79, 85.)  The first two motions to seal related to what should have been a routine request for an extension of time for Defendants Honest Reviews, LLC and Ryan Monahan (the "HMR Defendants") to file their Reply in support of their pending Motion to Dismiss.  Plaintiff claimed that its entire opposition to this motion for additional time should be sealed due to four paragraphs in a document attached as an exhibit that discussed the extent of its social media presence.  (*See* Dkt. No. 81 at *Exhibit 1*, *Exhibit 3*.)  It then sought retroactive sealing of documents Plaintiff sent, days before, to the HMR Defendants without any "attorneys' eyes only" designation.  (*See* Dkt. 79.)  Given the exigency of the looming deadline, the Court permitted the Plaintiff to file its entire opposition to the motion for additional time under seal.  (*See* Dkt. No. 82.)  However, given the compressed time frame, the Court did not issue an order detailing the factual or legal reasoning.

Plaintiff seems to now hope that it can litigate this entire matter in private.  Or, it may be motivated by a desire to create enough confusion as to what is confidential and what is not that it can further explode this docket with further motion practice, as has been its pattern and practice thus far.  Whatever its motivation, Plaintiff now seeks to file its entire opposition to Defendant GhostBed, Inc.'s ("GhostBed") pending Motion to Dismiss, a **dispositive motion**, under seal.  Its basis for this request?  "The Opposition and its exhibits contain information that is highly confidential, including many documents that GhostBed has designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, under the Standard Protective Order."  (Dkt. No. 85 at 2.)  There is no suggestion as to what this "confidential" material might be, why it is

necessary to include it in the Opposition, or why it cannot simply be redacted.  If the material is anything like the previously sealed documents, it will consist of completely irrelevant information that can easily be redacted.  As evidenced by its prior efforts, Plaintiff is not really concerned with protecting any proprietary information it must necessarily disclose; rather, it seems to believe that it can file anything it wants under seal simply by making vague allusions to "confidential information" and attaching a document that it says contains trade secrets.

The First Amendment does not permit this.  The common law right to access to the courts does not permit this.  Even the Court's own rules do not permit this.  The Court should not allow Plaintiff to file any portion of its Opposition under seal.  If Plaintiff feels that something confidential is truly necessary to include in the Opposition, it should make appropriate redactions and file it for the public to see.

## 2.0   ANALYSIS

There is both a First Amendment and common law right of access to court records.  Both remind us that there is a strong presumption of openness in the judicial branch.  That presumption should not be laid aside **this lightly**.  Plaintiff has not provided any rational reason for why those rights should be abridged.

The First Amendment requires public access to court proceedings.  *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 10 (1986).[1]  The First Amendment "protects the public's right to have access to judicial documents [and] has been understood to be stronger than its common law ancestor and counterpart."  *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014).  The Court should begin from a strong presumption in favor of access and, "[i]n most cases, a judge must **carefully and skeptically** review sealing requests to insure that there really is an extraordinary

---

[1]  Every circuit to consider whether the First Amendment requires public access in civil cases has concluded that it does.  *See, e.g., Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988); *In re Continental Ill. Secs. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983).

circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis added).  In this case, the document Plaintiff wants to seal will be one upon which the court relies in deciding a dispositive motion.

   The common law protections of the right of access are even more historically entrenched. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978)*; see also Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994).  The court may only seal documents "if the public's right of access is outweighed by competing interests."  *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).  "The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Id*. (quoting *Mann v. Boatright* 477 F.3d 1140, 1149 (10th Cir. 2007)).  "[H]istorically both civil and criminal trials have been presumptively open."  *E\*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980)); *see also id*. at 599 (Stewart, J., concurring); *and see Maryland v. Baltimore Radio Show, Inc*., 338 U.S. 912, 920 (1950) ("one of the demands of a democratic society is that the public should know what goes on in courts").

   While the court has discretion to seal portions of the record, "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties."  *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). "The party seeking to overcome the presumption" of public access to the documents "bears the burden of showing some significant interest that outweighs the presumption."  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir 2007).

   This is such an important right that the Court should consider its obligations to the public above that of the wishes of the parties.  *See Hansen v. Police Dep't of Salt Lake City Corp.*, 2016 U.S. Dist. LEXIS 124798, \*6 (D. Utah Sept. 13, 2016).  In *Hansen*, even when the Defendant did not object to a motion to seal, the Court wisely denied the motion – even though it was filed to

3

protect a crime victim's privacy rights. In that case, this very court protected the public's right to know – and the parties' wishes were subordinate to that right.

Here, access to all court records are particularly important because this case involves matters of public concern – namely, there is at this point a very real cause for concern that Plaintiff's product is harmful to public health. This district dealt with a similar case in which public health risks were in play. *See Huntsman-Christensen Corp. v. Entrada Industries, Inc.*, 639 F. Supp. 733, 738 (D. Utah 1986). In that case, since one of the parties was alleged to have engaged in conduct creating a public health hazard, the public interest was heightened. That is certainly the case here, since Plaintiff's mattress powder is arguably, and most likely, harmful to human health. The public's interest should not simply be ignored. *See JetAway Aviation, LLC v. Bd. of County Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (citing *Crystal Grower's*, 616 F.2d at 461).

This Court has recognized these important rights and made them part of its Local Rules. DUCivR 5-2 acknowledges that "**records of the court are presumptively open to the public**," and is meant to prevent overdesignation of materials to be filed under seal. DUCivR 5-2(a) (emphasis added). The rule instructs counsel to "(1) Refrain from filing memoranda under seal merely because the attached exhibits contain confidential information." DUCivR 5-2(a)(1). Yet this is exactly what Plaintiff's counsel has done previously and is doing again now. The instant motion refers vaguely to purportedly confidential documents, yet Plaintiff uses the inclusion of those documents as justification to seal the entire opposition. This practice of attaching an allegedly "confidential" exhibit to a filing as the basis for sealing the entire document is explicitly forbidden under the Local Rules, and even if it were not, the common law right of access and the First Amendment would forbid it.

Plaintiff's counsel comes to this Court now asking that it set aside the Court's local rules and some of our most cherished common law and First Amendment rights on nothing at all but an *ex parte* motion, with no detail of what will be sealed or why. Plaintiff has not even provided a

draft, under attorneys' eyes only, for review of its claims of secrecy.  Adjudicating any part of a case in secret casts doubt on the system and the people will be left wondering what, precisely, is being covered up when very real safety issues have been raised.  "What better way to demonstrate to the public that its courts are fair and just than to say to the public, 'come and view the proceedings yourself and judge for yourself?'"  *Suen v. Las Vegas Sands, Inc.*, District Court, Clark County, Nevada, Case No. A493744-C at 8 (Apr. 16, 2013)

**3.0    CONCLUSION**

Plaintiff is a public figure that has put a potentially dangerous product into the marketplace. Perhaps the day will come when there is some compelling reason to shield court documents from the public's eyes.  But, if that happens, it should only be once the Court has reviewed the documents, carefully and skeptically.  The Court should deny Plaintiff's motion to seal its entire opposition to GhostBed's Motion to Dismiss in its entirety.  Alternatively, if the Court feels that any portion of the Opposition contains confidential information, it should only seal the specific portions found to be confidential, and should require Plaintiff to file a redacted copy of such documents on the public record.

DATED this 8th day of May, 2017.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047

*Attorneys for Honest Reviews, LLC
and Ryan Monahan*

Case No. 2:17-cv-00138-DB

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

Employee,
Randazza Legal Group, PLLC

6