IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURPLE INNOVATIONS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> HONEST REVIEWS, LLC, a Florida Corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:17-cv-138-DB <br><br> District Judge Dee Benson |

Before the court are the following scheduling matters:

1)  Honest Reviews, LLC and Ryan Monahan's Motion to Stay Briefing (Dkt. No. 121)

2)  Honest Reviews, LLC and Ryan Monahan's Motion for Extension of Time to File Brief in Opposition (Dkt. No. 122)

3)  Plaintiff's request to begin discovery (Dkt. No. 115).

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery or briefing pending a dispositive motion. However, Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26. Furthermore, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh

competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

In determining whether a stay is appropriate, courts often review the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Courts have also recognized that a "stay of all discovery is generally disfavored." *Wason Ranch Corp. v. Hecla Mining Co.*, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

Here, the court finds that plaintiff's interests in proceeding expeditiously are substantial, given the nature of the conduct alleged and the relief requested. The court also finds that Defendants Honest Reviews and Ryan Monahan would not be unduly burdened by engaging in discovery, as their Motion to Dismiss, even if granted, would likely result in continued litigation elsewhere. The court recognizes that Ghostbed, Inc. may potentially be burdened by discovery, if the court grants its Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). However, that burden is limited by the short time period remaining between now and July 7, 2017, when the motion will be heard. The court has an interest in resolving this matter expeditiously, and has not observed any third party or public interests that would necessitate a stay in discovery.

In balancing the competing interests, the court finds a stay of the briefings, proceedings, or discovery to be inappropriate. As such, Honest Reviews, LLC and Ryan Monahan's Motions to Stay Briefing (Dkt. No. 121) or for an Extension of Time to File Brief in Opposition (Dkt. No.

122) are DENIED. Accordingly, Plaintiff's request to begin discovery (Dkt. No. 115) is GRANTED as follows: the parties are ORDERED to forthwith commence discovery, pursuant to the Federal Rules of Civil Procedure, including participation in a Rule 26(f) scheduling conference. The Parties shall submit a proposed scheduling order to the court no later than July 7, 2017. The court will consider Plaintiff's Motion to Expedite Discovery at the time of the Preliminary Injunction hearing.

<u>CONCLUSION</u>

Defendants' Motions to Stay Briefing (Dkt. No. 121) or for an Extension of Time to File Brief in Opposition (Dkt. No. 122) are DENIED. Plaintiff's request to initiate discovery, including a Rule 26(f) scheduling conference, is GRANTED.


DATED this 1st day of June, 2017.


BY THE COURT:

_____
Dee Benson
United States District Judge