James E. Magleby (7247)
  magleby@mcgiplaw.com
Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Adam Alba (13128)
  alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Purple Innovation, LLC

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **PURPLE INNOVATION, LLC, A** Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>**HONEST REVIEWS, LLC**, a Florida Corporation, **RYAN MONAHAN**, an individual, **GHOSTBED, INC.**, a Delaware corporation, **MARC WERNER**, an individual, **ASHLEY WERNER**, an individual, **WERNER MEDIA PARTNERS, LLC**, d/b/a **NATURE'S SLEEP, LLC**, an Illinois limited liability company, and **SOCIAL MEDIA SHARKS, LLC**, a Florida limited liability company,<br><br>Defendants. | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO ESTABLISH AMOUNT OF ATTORNEYS' FEES AND COSTS AWARDED AS SANCTIONS AGAINST DEFENDANTS GHOSTBED, INC., RYAN MONAHAN, AND HONEST REVIEWS, LLC**<br><br><br><br><br><br><br><br><br><br><br>Case No.: 2:17-cv-00138-DB<br><br>Honorable Dee Benson |

Plaintiff Purple Innovation, LLC ("Plaintiff" or "Purple"), by and through its counsel

of record MAGLEBY CATAXINOS & GREENWOOD ("MCG"), respectfully submits this Reply in

Support of Plaintiff's Motion to Establish Amount of Attorneys' Fees and Costs Awarded as Sanctions Against Defendants GhostBed, Inc., Ryan Monahan, and Honest Reviews, LLC.

**INTRODUCTION**

In opposing Purple's Motion to Establish Amount of Attorneys' Fees and Costs Awarded (the "Motion"), Defendants Honest Reviews, LLC and Ryan Monahan (collectively, the "Monahan Defendants") and Defendant GhostBed, Inc. ("GhostBed") (collectively, with the Monahan Defendants, "Defendants") essentially argue that the fees requested are excessive and that, as a result of MCG's billing methods and the associated records, the Court should apply a "significant across-the-board reduction" to the amount of fees requested. The Monahan Defendants also argue that the Motion is premature given that no final judgment has been entered and given its pending appeal, which it indicates may result in a reversal of the Court's preliminary injunction against Defendants. [Doc. 324 at 1].

Defendants' arguments should be rejected. MCG's billing records are more than sufficiently clear, and they reflect reasonable hours charged at reasonable rates for the matters as to which the Court awarded fees, i.e., the fees associated with the second preliminary injunction motion and the motion for sanctions. In fact, this District has previously recognized MCG's billing practices as "the best that can be expected in any litigation." *See ClearOne v. Chiang*, No. 2:07–cv–37, 2009 WL 5216856, *5 (D. Utah, Dec. 30, 2009) (unpublished) (approving the vast majority of attorneys' fees charged by

MCG under its previous name, "Magleby & Greenwood").[1] Accordingly, with one exception due to an accounting error discovered by GhostBed,[2] the Court should grant Purple's Motion and award the requested amount of attorneys' fees. With that reduction, Purple respectfully requests that the Court award a total of $245,420.25.

## ARGUMENT

In determining reasonable attorneys' fees, courts in the Tenth Circuit calculate the lodestar amount by multiplying the "reasonably spent hours" by the reasonable hourly rates for the lawyers involved. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998); *see also Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) ("A reasonable fee is the product of a reasonable rate in the relevant community multiplied by the number of hours reasonably spent on the litigation.").

"There is a presumption that the lodestar amount is a reasonable fee, and the court should deviate only in 'exceptional' cases." *Saenz Mencia v. Allred*, No. 2:11-CV-200, 2017 WL 4480836, *1 (D. Utah Oct. 6, 2017) (quoting *Hensley v. Eckerhart*, 471 U.S. 424, 437 (1983)); *see also Anchando v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (calculating the lodestar "produced a presumptively

---

[1] *See also ClearOne Commc'ns, Inc. v. Chiang*, No. 2:07-CV-37-TC, 2010 WL 1257750, at *5 (D. Utah Mar. 25, 2010) (unpublished), *aff'd sub nom. ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735 (10th Cir. 2011) (adopting then-Magistrate Judge Nuffer's Report and Recommendation and supplying additional analysis in support of same).

[2] Specifically, as noted by GhostBed, the fees requested by MCG should be reduced by $6,806.00. [Doc. 323 at 10].

reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances"). "The court should not 'mechanically adjust the lodestar figure downward based on the amount involved and the results obtained.'" *Id.* (quoting *Bywaters v. United States*, 684 F.3d 1295, 1296 (Fed. Cir. 2012)).

Here, Defendants do not challenge the hourly rates charged by MCG's attorneys. Instead, they focus on the reasonableness of the time spent in pursuit of the second motion for preliminary injunction and the sanctions motion, challenging MCG's billing records in a number of different respects. As set forth below, with the exception of the accounting error, Purple should be awarded its fees in the amount requested.

I. **MCG'S PROPERLY-ALLOCATED AND DETAILED INVOICES, SUPPORTED BY MS. GREENWOOD'S DECLARATION, ARE MORE THAN ADEQUATE TO ESTABLISH THE REASONABLENESS OF THE TIME SPENT**

Defendants contend that an across-the-board cut of Purple's fees requested is necessary because MCG engages in block billing, its time records are insufficiently detailed, and its allocation of the time spent on various tasks was not done contemporaneously with the time entries. These arguments are unavailing and fail to justify any reduction in the fees requested.

First, contrary to Defendants' assertion, MCG's bills are not impermissible "block bills," because "they contain separate time entries on separate days on separate tasks for separate time keepers." *ClearOne,* 2009 WL 5216856, at *5 (refusing to classify MCG's version of billing as "block bills"). Indeed, when a requesting party submits to the court detailed and categorized invoices supported by a sworn affidavit, such timekeeping is not block billing and presents a clear and reasonable billing record.

4

*ClearOne*, 2010 WL 1257750, at *5.  Indeed, as noted above, this Court has described MCG's billing practices, which have remained unchanged since the *ClearOne* case was decided, as "the best that can be expected in any litigation."  *ClearOne*, 2009 WL 5216856, at *5.

Second, even if MCG had engaged in block billing, there is no "rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect block billing."  *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (affirming trial court's assessment of reasonable attorneys' fees as based on sufficiently meticulously-kept records); *see also ClearOne*, 2010 WL 1257750, at *5 ("In the Tenth Circuit, there is no *per se* prohibition on block billing (i.e., it is not a definite basis to deny an attorneys' fee award request.)).  Accordingly, courts will not reduce attorneys' fees so long as the records enable a determination of "the reasonableness of that time."  *Id.*

In this case, as in *ClearOne*, MCG submitted records of attorneys' time that were carefully allocated, detailed, and supported by an attorney's sworn declaration which confirmed that each of the billing attorneys and MCG's paralegal personally reviewed and approved their time entries and allocated their time according to the tasks associated with the second preliminary injunction motion and the motion for sanctions. Time spent on tasks unrelated to those motions was separately allocated and removed from the bills, based on the attorneys' best judgment.  This method of calculating and

5

allocating fees is more than sufficient to warrant a finding of reasonableness. See *ClearOne Commc'ns, Inc.,* 2010 WL 1257750, at *5.[3]

Defendants contend that some of MCG's billing records were reconstructed *post hoc* and thus the court is unable to determine the actual time spent. [*See* Doc. 323 at 6]. This argument fails for three reasons. First, this Court in *ClearOne* rejected that same argument by stating that the attorneys' personal review of their billing records combined with reasonable allocations of their time were sufficiently detailed to enable a review for reasonableness. *ClearOne*, 2010 WL 1257750, at *5. Second, a careful review and allocation of billing records is a proper exercise of attorneys' billing judgment, not a *post hoc* reconstruction because, "[a]s a practical matter, no attorney can foresee the end of litigation with sufficient certainty to *prospectively* allocate time records to the ultimately successful claims" or, in this case, the ultimately successful preliminary injunction and sanctions motions. Third, MCG properly exercised its billing judgment by eliminating some hours and excluding all costs except for a fee paid for the transcript of the preliminary injunction hearing. [Doc. 315-1, Ex. 1 at 3, 4, Ex. C].

Additionally, contrary to Defendants' arguments, the matters – both legal and factual – presented by the preliminary injunction motion and the sanctions motions were substantial and complex. MCG's work was made all the more difficult due to the investigation required to investigate and prove the false and misleading nature of the

---

[3] This Court also approved MCG's timekeeping methods in *Derma Pen, LLC v. 4EverYoung Ltd.*, No. 2:13-CV-00729-DN-EJF, 2016 WL 7636697, at *2 (D. Utah June 20, 2016), with the exception of its disapproval of MCG's use of the term "etc."

6

statements presented to the Court by Defendants under oath, which in this Court's words may be worthy of "perjury prosecution." [Doc. 292 at 13].  The Tenth Circuit has acknowledged that a party's improper maneuvering may add to the complexity of the attorneys' work.  See Case, 157 F.3d at 1250.  In this case, Defendants' false and misleading statements to the Court complicated and delayed both Purple's investigation of the facts and the procedural flow of the case.

In short, the time spent and recorded by MCG's attorneys was reasonable and no reduction in fees is warranted.  As such, due to Defendants' "maneuvering" unreasonably complicating this litigation, MCG had to engage in extensive investigation into Defendants' misconduct.

II.     **MCG'S BILLS DO NOT REFLECT NOR DID MCG CONDUCT OVERLY-DUPLICATIVE WORK**

Defendants also argue that the requested fees should be reduced because MCG's bills reflect "potentially duplicative work." [Doc. 323 at 7].  But Defendants misconstrue the standard for establishing the adequacy of billing records, which lies in determining whether the record is sufficient for the court to determine the time actually spent.  See Case, 157 F.3d at 1250.  In addition, even where seemingly (but not necessarily) duplicative time entries appear, that is an insufficient basis on which to reduce the requested fees, as "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Anchando, 616 F.2d at 1105 (citation omitted).  "[T]ime spent by two attorneys on the same general task is not . . . per se duplicative" because

7

"[c]areful preparation often requires collaboration and rehearsal." *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1077 (10th Cir. 1998), nor does "[t]he law in the Tenth Circuit . . . exclude attorney conferences." *Kelley v. City of Albuquerque*, No. CIV. 03-507, 2005 WL 3663515, at *8 (D.N.M. Oct. 24, 2005) (citing *Nieto v. Kapoor,* No. 96cv1225, Memorandum Opinion and Order at 25–26 (D.N.M., June 12, 2001) and *Lockard*, 162 F.3d at 1077). As in *Anchando*, there is no indication in the billing records submitted by MCG of "any violation of the[se] commonsense principle[s]" in connection with the motions at issue.

For example, in *Kelley*, the court refused to reduce the attorneys' fees requested by plaintiff on the grounds that several of the plaintiff's attorneys worked on similar tasks. *Kelley*, 2005 WL 3663515, at *3. Without presenting any evidence to the contrary, Defendants argued that such collaboration was an unnecessary duplication. *Id.* at *3, 15. Moreover, the defendants, like the plaintiff, utilized multiple attorneys on similar tasks. *Id*. The court concluded that without evidence showing of unreasonableness of attorneys' work, the request to decline attorneys' hours was "arbitrary." *Id*. at *15.

Here, as in *Kelly*, both Purple and Defendants were represented by more than one attorney, which necessarily requires collaboration and conferences among the attorneys, as well as review of each other's work. Indeed, GhostBed itself is represented by at least seven attorneys, and the Monahan Defendants are represented

8

by at least four.[4]  Purple is represented by just three lawyers.  Also as in *Kelley*, Defendants did not produce any evidence to show that MCG's attorneys' collaboration was unreasonable or that just one of the opposing attorneys worked on a task that was performed by several of MCG's attorneys working in collaboration.  Without such a showing, Defendants' arguments should be rejected.

Finally, the Monahan Defendants argue that MCG's billing records is incomplete because it has not produced an engagement letter nor do its bills reflect the amounts actually paid by Purple.  [Doc. 324 at 2].  However, neither is a requirement for obtaining fees, Purple has paid its fees, and MCG will make available the requested document for the Court's *in camera* review if the Court deems it to be necessary.

In the absence of evidence to the contrary and because MCG submitted a sworn declaration of reasonableness of hours billed, the court should find that the hours spent by MCG are reasonable.  *ClearOne*, 2010 WL 1257750, at *5.

III.  **THE MOTION IS TIMELY AND THERE IS NO REASON TO DELAY PAYMENT OF THE SANCTIONS IMPOSED BY THE COURT**

In addition to challenging the adequacy of the MCG's billing records, THE Monahan defendants argue that the Motion is premature because of their pending appeal of the Court's preliminary injunction order to the Tenth Circuit and the lack of a final judgment in this case.  [Doc. 324 at 1-2].  This argument fails.  Sanctions – including attorneys' fees – may be assessed and required to be paid before the final

---

[4] GhostBed is represented by E. Yost, E. Horwitz, F. Wikstrom, J. White, K. Schmid, K. Smith, K. Luvai; HMR is represented by M. Randazza, G. Sperlein, R. Green, and A. McCullough.  Purple is represented by J. Magleby, C. Greenwood, and A. Alba.

judgment is entered, and courts routinely award sanctions, including fees, during the course of litigation. A failure to comply with a court's order to pay fees timely is contempt, and may result in fines and other penalties. Sanctions for litigation misconduct "are not tied to the outcome of litigation . . . [n]or . . . do sanctions shift the entire cost of litigation;" "they shift only the cost of a discrete event." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 553 (1991). Further, the Court entered sanctions based on Defendants' misconduct, not on Purple's victory on the preliminary injunction motion. [Doc. 292 at 11-14]. As such, even if the Court's order for preliminary injunction were overruled, the sanctions order would remain unchanged. [Doc. 292 at 12-13].

IV. **PURPLE'S REQUESTED FEES SHOULD NOT BE REDUCED DUE TO A CLERICAL ERROR INVOLVING A SINGLE EXHIBIT**

Defendants further argue that hours billed by MCG for preparation of exhibits for the preliminary injunction hearing is unreasonable because of a formatting error in one of Purple's exhibits. [Doc. 323 at 9]. Defendants raise this objection to over 50 of MCG's billing entries. [Doc. 323 at 9-10]. It appears that Defendants are trying to exclude from MCG's billing records all work related to MCG's review of Achieve Agency's entire document production. *Id.*

Defendants' attempt to reduce hours spent by MCG in preparing a single exhibit and reviewing Achieve Agency's document production is without merit. Defendants have failed to support their arguments with any authority, and they incorrectly assume that the time spent to review the documents and exhibits for the preliminary injunction hearing and sanctions motion is somehow compromised by the error. [*Id.* at 9-10]. This

is incorrect.  To the contrary, the improper formatting of one document, which Purple's counsel acknowledged as soon as it was pointed out to them, [Doc. 361-4], did not prejudice Defendants, and the spreadsheet reflected numerous documents that could and should have been produced by Defendants – rather than by third party Achieve.  Purple did not receive many of those documents – even from Achieve, which made diligent attempts to comply with its subpoena – until *after* the preliminary injunction hearing.  And, critically, Defendants did not produce many of the key documents in this case, including those in which Marc Werner approved Ryan Monahan's use of the Chief Brand Officer title, until after those documents were discovered in Achieve's production, which underscores the hurdles Purple has faced in pursuing this case, and it explains the necessity for an extensive review of the Achieve documents.  Moreover, it cannot be forgotten that Purple produced the spreadsheet about which GhostBed complains in native format to the Defendants and the Court at the preliminary injunction hearing.

A technical, non-prejudicial error is not a reason to deny or reduce attorneys' fees.  Purple's motion should be granted.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully asks the Court to grant the Motion and after reducing the requested attorneys' fees for an accounting error of $6,806.00, establish the amount of attorneys' fees and costs awarded as sanctions against Defendants in the amount of $245,420.25.

DATED this 17th day of May, 2018.

                                        **MAGLEBY CATAXINOS & GREENWOOD**

                                        /s/ Christine T. Greenwood
                                        James E. Magleby
                                        Christine T. Greenwood
                                        Adam Alba
                                        *Attorneys for Plaintiff Purple Innovation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS & GREENWOOD, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO ESTABLISH AMOUNT OF ATTORNEYS' FEES AND COSTS AWARDED AS SANCTIONS AGAINST DEFENDANTS GHOSTBED, INC., RYAN MONAHAN, AND HONEST REVIEWS, LLC** upon the following via CM/ECF System this 17th day of May, 2018:

Ethan Horwitz
  ehorwitz@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0002

Eleanor M. Yost
  eyost@carltonfields.com
  DLGhostBed-Utah@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 33607-5780

Kathryn Tunacik Smith
  ksmith@strongandhanni.com
Karmen C. Schmid
  kschmid@strongandhanni.com
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111

Francis M. Wikstrom
  FWikstrom@parsonsbehle.com
Juliette P. White
  JWhite@parsonsbehle.com
Kennedy K. Luvai
  KLuvai@parsonsbehle.com
  ecf@parsonsbehle.com
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111

*Attorneys for Defendant GhostBed, Inc.*

Marc J. Randazza
  mjr@randazza.com
  ecf@randazza.com
Ronald D. Green
  rdg@randazza.com
RANDAZZA GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

D. Gill Sperlein
  dgs@randazza.com
RANDAZZA GROUP, LLM
345 Grove Street
San Francisco, CA 94102

W. Andrew McCullough
  wandrew48@ymail.com
W. ANDREW MCCULLOUGH, LLC
6885 South State Street, Suite 200
Midvale, UT 84047

*Attorneys for Defendants Honest Reviews, LLC and Ryan Monahan*

/s/ H. Evan Gibson

13