IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>HONEST REVIEWS, LLC, a Florida corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-138-DB<br><br>District Judge Dee Benson |

Before the court is Plaintiff's Motion to Establish Amount of Attorneys' Fees and Costs. (Dkt. No. 315.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

BACKGROUND

Plaintiff filed this lawsuit on February 24, 2017, alleging claims for false advertising and false association under the Lanham Act and Utah common law, tortious interference with economic relations, defamation, trade libel and injurious falsehood, civil conspiracy, and violation of the Utah Truth in Advertising Act. (Compl. at ¶¶ 220-72.) Plaintiff alleged that Defendants, primarily through honestmattressreviews.com (the "HMR website"), made false statements about Plaintiff's products, including that they were connected to cancer-causing

agents. (*Id.* at ¶¶ 221-25.) Plaintiff also alleged that the statements on the HMR website regarding its intellectual and financial independence from any mattress company were false, and that Defendant Ryan Monahan, the sole owner and operator of the HMR website, was closely affiliated with Plaintiff's direct competitor, Defendant GhostBed, Inc. ("GhostBed"). (*Id.* at ¶ 168.)

On February 27, 2017, Plaintiff requested an ex parte Temporary Restraining Order to prohibit Defendants from posting false or misleading statements regarding its products. (Dkt. No. 8.) The court originally denied Plaintiff's motion for ex parte relief, holding that the Plaintiff had failed to show why notice to the other parties should not be required. (Dkt. No. 13.) Following entry of that Order, Plaintiff's attorney submitted an additional declaration outlining multiple efforts made to notify Defendants of the case, including indications that Defendants had received actual notice and that Defendants appeared to be avoiding service of process. (Dkt. No. 14.) Based on this showing, along with Plaintiff's evidence of a strong showing of an affiliation between Defendants and substantial likelihood of success on the merits, the court entered Plaintiff's requested Temporary Restraining Order on March 2, 2017. (Dkt. No. 16.)

The following day, on March 3, 2017, Plaintiff filed a Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt. (Dkt. No. 17.) In that Motion, Plaintiff argued that Defendants had failed to comply with the Temporary Restraining Order and had, instead, posted an inflammatory article about the lawsuit on the HMR website. (*Id.*) Defendants opposed the Motion and filed Motions to Dissolve the T.R.O. on March 9, 2017. (Dkt. Nos. 28, 36.) In support of their Motions, Defendants submitted two Declarations, the Declaration of

Marc Werner, CEO of GhostBed (Dkt. No. 31) and the Declaration of Ryan Monahan. (Dkt. No. 30.) Each Declaration disavowed a relevant relationship between Monahan and GhostBed.

The court held a hearing on the Motions regarding the Temporary Restraining Order on March 14, 2017. At the hearing, counsel for Defendants reiterated the content of the Declarations submitted by their clients. Based on the strong representation from both Werner and Monahan and their lawyers' arguments regarding the absence of a relevant, current business relationship between them, the court dissolved the Temporary Restraining Order. (Dkt. No. 59.)

On May 24, 2017, Plaintiff filed a Motion for Preliminary Injunction. (Dkt. No. 115.) That Motion included much of the same evidence and argument that was included in Plaintiff's original Motion for Temporary Restraining Order. (Dkt. No. 115.) Plaintiff did not appear to have sufficient new evidence to support entry of a Preliminary Injunction. However, approximately one month later, on June 28, 2017, Plaintiff submitted a Supplemental Memorandum in support of its Motion, attaching a newly obtained Declaration from GhostBed's former Director of Marketing, Ms. Calisha Anderson. (Dkt. No. 137.) In that Declaration, Ms. Anderson confirmed the bulk of Plaintiff's suspicions regarding the relationship between Monahan and GhostBed. (*Id.*)

The court held a hearing on the Motion for Preliminary Injunction on July 7, 2017. At the hearing, counsel for Defendants strongly disputed Ms. Anderson's Declaration. In light of the directly conflicting Declaration testimony before the court, the court determined an evidentiary hearing would be necessary. The court held the Evidentiary Hearing on September 16, 2017. (Dkt. No. 187.) At the hearing, the court heard testimony from Marc Werner, Ryan Monahan, and Calisha Anderson. At the evidentiary hearing, the court found the testimony of Ms.

Anderson to be credible and persuasive, and it was not seriously challenged by cross-examination. (*Id.*) After considering all the evidence presented to the court, particularly the close relationship and substantial financial ties between Monahan and GhostBed, the court entered a Preliminary Injunction. (Dkt. No. 191.)

On October 25, 2017, Plaintiff filed a Motion for Sanctions. (Dkt. No. 229.) Plaintiff argued that Defendants' willful misrepresentations prejudiced Plaintiff's case and interfered with these proceedings. (*Id.*) The court granted the motion, striking GhostBed's Counterclaim, and awarding attorneys' fees and costs incurred by Plaintiff in in pursuing its second Motion for Preliminary Injunction and the Motion for Sanctions. (Dkt. No. 292.) Plaintiff now moves to establish the amount of attorneys' fees and costs.

## DISCUSSION

District courts have "broad discretion to calculate fee awards" granted as sanctions for litigation misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184, 197 L. Ed. 2d 585 (2017). But "such an order is limited to the fees the innocent party incurred solely because of the misconduct." *Id.* A party seeking attorneys' fees bears the burden of proving "all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). The party requesting fees must make "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983.)

In assessing the amount of reasonable attorneys' fees, the court must "determine a reasonable number of hours spent on the litigation" and multiply it "by a reasonable hourly rate." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

Here, Plaintiff's counsel has submitted detailed billing records. Counsel's stated billing rates appear to the court to represent a reasonable rate, consistent with the market and counsel's level of experience. Defendants do not submit any evidence to the contrary. However, due to the unique procedural posture of this case, the court finds that the number of hours billed should be reduced to ensure that the fee amount does not represent a greater amount than that attributable to the second motion for injunctive relief and the motion for sanctions. The first motion for injunctive relief contained many of the same facts and arguments set forth in the second motion for injunctive relief. The efforts to obtain injunctive relief the second time were, or should have been, significantly less because of the very similar facts and legal arguments presented in the first request for injunctive relief. Accordingly, the court finds a 25% reduction of fees to be appropriate, to account for the substantial overlap between the first and second motions for injunctive relief. Accordingly, Plaintiff is hereby awarded $1333.75 for costs and $183,064.88 for attorneys' fees, which represents 75% of $244,086.50, the fees requested by Plaintiff after acknowledgement of a clerical error.

## CONCLUSION

For the foregoing reasons, Plaintiff is hereby awarded attorneys' fees and costs in the amount of $184,398.63, as a sanction against Defendants for the litigation misconduct discussed in this Memorandum Decision and Order and the court's Memorandum Decision and Order awarding Sanctions, dated February 9, 2018. Defendants Ryan Monahan and Honest Mattress Reviews, LLC shall jointly pay one half of those fees and costs, and GhostBed, Inc. shall pay the other half.

DATED this 6th day of July, 2018.

BY THE COURT:

Dee Benson
United States District Judge