# Exhibit 5

**MCG** | Magleby
Cataxinos
Greenwood

T 801.359.9000 : F 801.359.9011 : www.mcgiplaw.com
170 South Main Street, Suite 1100, Salt Lake City, Utah 84101

Adam Alba
alba@mcgiplaw.com

July 12, 2018

*VIA U.S. MAIL AND EMAIL*

D. Gil Sperlein
 gill@sperleinlaw.com
RANDAZZA GROUP, LLM
345 Grove Street
San Francisco, California 84102

Marc John Randazza
 mjr@randazza.com
RANDAZZA GROUP, LLM
4035 South El Capitan Way
Las Vegas, Nevada 89147

Re:   *Purple Innovation, LLC v. Honest Reviews, LLC, et al.*
Tenth Circuit Court of Appeals Case No. 17-4144; on appeal from:
United States District Court, Central District of Utah
Case No. 2:17-cv-00138-DB; Honorable Dee Benson

Dear Gil and Marc:

As confirmed by Marc in a recent email, it appears that your client, Ryan Monahan, has sold honestmattressreviews.com (the "HMR Website").

We are compelled to remind your clients of their duty to preserve evidence related to the sale of the HMR Website.  Courts have explained that a duty to preserve relevant documents and electronically stored information ("ESI") "arises when a party reasonably anticipates litigation," and continues throughout the course of the litigation.  *Pension Comm. Of Univ. of Montreal Pension Plan v. Banc of Am Sec., LLC*, 685 F. Supp. 2d 456, 466 (S.D.N.Y. 2010).

The duty to preserve encompasses any documents or tangible items authored or made by individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003). Any information relevant to the claims or defenses of any party, or which is relevant to the subject matter involved in the litigation, is covered by the duty to preserve. *Id.*  Additionally, lawyers have an affirmative duty to advise their clients of the requirement to preserve potentially relevant evidence. *See*, *e.g.*, *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 73 (S.D.N.Y. 1991).

Failure to preserve relevant documents and information, including ESI, after litigation is reasonably anticipated, and certainly after litigation has been

Marc Randazza
Gil Sperlein
Page 2

commenced, may result in a finding of spoliation and potentially severe sanctions from a tribunal, including cost-shifting, special jury instructions, monetary sanctions, preclusion orders, or possibly the entry of default judgment or dismissal. *Pension Comm.*, 685 F. Supp. 2d at 469-72.

Accordingly, we request that you remind your clients of their duty to preserve all information related to the sale of the HMR Website, as such information is relevant to the claims and defenses in this case.

Thank you for your time and consideration.

Sincerely,

MAGLEBY CATAXINOS & GREENWOOD, PC

Adam Alba

AA/sm
cc:  James E. Magleby (via e-mail only without enclosure)
     Christine T. Greenwood (via e-mail only without enclosure)