Marc J. Randazza (*pro hac vice*)
Ronald D. Green (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: (702) 420-2001
ecf@randazza.com

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047
Telephone: (801) 565-0894
Facsimile: (801) 565-1099
wandrew48@ymail.com

Attorneys for Honest Reviews, LLC
and Ryan Monahan

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PURPLE INNOVATIONS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> HONEST REVIEWS, LLC, a Florida Corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation, <br><br> Defendants. | **OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE WHY THE MONAHAN DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE COURT'S JULY 9, 2018 ORDER** <br><br> Case No.: 2:17-cv-00138-DB <br><br> Honorable Dee Benson |

Defendants Honest Reviews, LLC ("Honest") and Ryan Monahan respectfully oppose Plaintiff's Motion for Order to Show Cause Why the Monahan Defendants Should Not Be Held in Contempt for Violating the Court's July 9, 2018 Order (Dkt. No. 352) (the "Motion").

## INTRODUCTION AND STATEMENT OF RELEVANT FACTS

On or about February 12, 2018, the Court found that Defendants had each made misleading statements when opposing Plaintiff Purple Innovation, LLC's ("Purple") request for a preliminary injunction (Dkt. No. 292). Subsequently, on July 9, 2018, the Court issued an order that Honest and Monahan should pay one-half of Purple's fees in the amount of $92,199.31 (Dkt. No. 342). The Court's Order, which is not yet two months old, contained no deadline for Defendants to pay Plaintiff. (*See id.*) It certainly did not indicate that Defendants were required to pay it in full immediately or at Purple's demand.

While Defendants disagree with the Court's order and assert that they made no false or misleading statements to the Court, they have no intention of disobeying the Court's order to the extent that they are capable of obeying it. However, they are not required to pay Purple's attorneys' fees at this time, and Purple is not permitted to request contempt sanctions against Honest and Monahan. Because an attorneys' fee award will eventually be reduced to a final money judgment, it will be enforceable by a writ of execution and not a request for sanctions. Purple cannot request a writ of execution unless and until it possesses a final judgment against Honest and Monahan, which has not yet issued. Its Motion arguing otherwise must be denied.

## LEGAL ARGUMENT

As set forth in the primary case cited by Plaintiff, there must be a showing *inter alia* that HMR Defendants disobeyed the Court's order. *See ClearOne Communications, Inc. v. Bowers*, 651 F.3d 1200, 1210 (10th Cir. 2011). They did not do so. The Order (Dkt. No. 342) says that HMR Defendants "shall jointly pay one half of [the awarded] fees and costs[.]" Both the Order of June 6, 2018 (Dkt. No. 342) and the underlying Order of February 9, 2018 (Dkt. No. 292), refer to fees and costs being "awarded," without a mandate for HMR Defendants to pay such an award by a date certain.

The question of whether HMR Defendants must immediately have paid the fee order is inextricably tied to the issue of the appealability of that order. Generally, an "award of interim attorneys' fees is not a final order and thus generally is not appealable." *Law v. NCAA*, 134 F.3d 1025, 1027 (10th Cir. 1998). Under the collateral order doctrine, an interim fee award might be appealed if (1) the court orders the party to pay the fees immediately; and (2) there is a substantial likelihood the party will be incapable of recovering the fees if the case is reversed on appeal. *See id.* Otherwise, an appellate court may only review an attorneys' fee award after final judgment is entered or the fee award corresponds to a separately appealable interlocutory order. *Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 344 (3d Cir. 1989). Here, there was no order that the fees be paid immediately, thus precluding interlocutory appeal.

Given that an interim award of attorneys' fees is an interlocutory and unappealable order, it is generally not enforceable until it is reduced to money judgment.[1] *See Nissan World, LLC v. Mkt. Scan Info. Sys.*, 2014 U.S. Dist. LEXIS 59902, at *85 (D. N.J. Apr. 30, 2014). In the case of a judgment awarding attorneys' fees, a party must seek enforcement of that judgment through a writ of execution. *Ardex Labs., Inc. v. Cooperider*, 319 F. Supp. 2d 507, 509 (E.D. Pa. 2004). If the prevailing party fails to request separate and final judgment under Rule 54(b), or the court denies the request, the prevailing party is "precluded … from obtaining a writ of execution as to recovery of attorneys' fees and costs prior to the entry of final judgment." *Id.* Finally, because an award of attorneys' fees is a money judgment, "**the appropriate remedy is a writ of execution, not a finding of contempt**." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986) (emphasis added); *see also* Fed. R. Civ. P. 69(a) (stating that "[a] money judgment is enforced by a writ of execution"); *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997); *Shuffler v.*

---

[1] This, of course, is the fair practice, as the appeal of a final judgment permits an appellant to stay collection upon the posting of a supersedeas bond. *See* Fed. R. Civ. P. 62(d). Immediate enforcement of a non-collateral, interlocutory order deprives the non-prevailing party of the opportunity to obtain immediate review and of the protections afforded by a supersedeas bond should the order be later reversed.

*Heritage Bank*, 720 F.2d 1141, 1147-48 (9th Cir. 1983); *Nissan World*, 2014 U.S. Dist. LEXIS at *82.

Here, neither the February 9, 2018, nor the July 6, 2018, Orders required Honest and Monahan to pay Purple's attorneys' fee award immediately, rendering those orders interlocutory and unappealable. Purple failed to ask the Court to certify the interlocutory orders for separate and final judgment pursuant to Rule 54(b) and, therefore, may not enforce them until this case is resolved by final judgment. If Purple does receive a final judgment, it must enforce the attorneys' fee award through a writ of execution. It may not request contempt sanctions. Purple's attempt to enforce its attorneys' fee award is premature and impermissible, rendering its Motion frivolous.

## CONCLUSION

For each and every reason expressed herein, Honest and Monahan request that the Court deny Plaintiff's Motion for Order to Show Cause Why the Monahan Defendants Should Not Be Held in Contempt for Violating the Court's July 9, 2018 Order (Dkt. No. 352).

DATED this 5th day of September, 2018.

Respectfully submitted,

/s/ Ronald D. Green
Marc J. Randazza (*pro hac vice*)
Ronald D. Green (*pro hac vice*)
D. Gill Sperlein (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047

Attorneys for Honest Reviews, LLC
and Ryan Monahan

Case No. 2:17-cv-00138-DB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Sarah Dones-Caraballo
Employee,
Randazza Legal Group, PLLC