James E. Magleby (7247)
  magleby@mcgiplaw.com
Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Adam Alba (13128)
  alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD, PC**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Purple Innovation, LLC

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PURPLE INNOVATION, LLC,** A Delaware limited liability company,<br><br>    Plaintiff,<br>v.<br><br>**HONEST REVIEWS, LLC,** a Florida Corporation, **RYAN MONAHAN**, an individual, **GHOSTBED, INC.**, a Delaware corporation, **MARC WERNER**, an individual, **ASHLEY WERNER**, an individual, and **SOCIAL MEDIA SHARKS, LLC**, a Florida limited liability company,<br><br>    Defendants. | **REPLY IN SUPPORT OF MOTION [352] FOR ORDER TO SHOW CAUSE WHY THE MONAHAN DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE COURT'S JULY 9, 2018, ORDER [342]**<br><br><br><br>Case No.: 2:17-cv-00138-DB<br><br>Honorable Dee Benson |

Plaintiff Purple Innovation, LLC ("Plaintiff" or "Purple"), by and through its counsel of record MAGLEBY CATAXINOS & GREENWOOD, PC, submits this Reply in Support of Motion [352] for Order to Show Cause Why the Monahan Defendants Should Not Be Held in Contempt for Violating the Court's July 9, 2018, Order [342] (the "Payment Order").

## INTRODUCTION

The arguments made by Defendants Honest Reviews, LLC ("Honest Reviews") and Ryan Monahan ("Monahan") (collectively the "Monahan Defendants") in response to the Motion are no different than the arguments these defendants have made since the beginning of the case. The Monahan Defendants unambiguously told Purple that they have no intention of paying the sanction contained in the Court's Payment Order and expressly invited Purple to file this motion:

> My client is unable to pay that amount. My client barely has operating expenses. So do what you gotta do.
>
> Marc John Randazza, JD, MAMC, LLM

[7/17/18 E-mail M. Randazza to A. Alba, attached as Ex. 1 to Mot., Dkt. No. 352].

> Well, you'll just have to file a "Motion to get blood from a stone."

[7/30/18 E-mail M. Randazza to A. Alba, attached as Ex. 1 to Mot.].

Then, in the Monahan Defendants' opposition (and directly contrary to their statements to Purple's counsel), they attempt to mislead the Court to think that they intend to pay the sanction, but at some unknown time in the future. But the Monahan Defendants do not actually say – anywhere in their opposition – that they will pay. Rather, they state "they have no intention of disobeying the Court's order <u>to the extent that they are capable of obeying it</u>."  [Opp'n at 2 (emphasis added), Dkt. No. 360].

In other words, since they claim to be unable to comply with the order, they believe they can also claim no intention of disobeying the Court – even though they have <u>no</u> intention of making any payment to Purple. Indeed, the Monahan Defendants' argument that Purple will need to obtain writs of execution after a final, appealable

judgment is entered is further evidence that the Monahan Defendants will not voluntarily pay a single penny to Purple – even though the Court has ordered them to do so. This is the exact type of repudiation that demonstrates a knowing disobedience of a court order and justifies the relief now requested by Purple.

In sum, by taking the position that payment is not yet due when they have already disavowed the Payment Order, the Monahan Defendants wish to run the clock as long as possible and then argue – months or maybe years later – that they cannot pay. This Court should not condone such gamesmanship. If the Monahan Defendants claim they cannot comply with the Court's order and pay the sanction, they must come forward with evidence to demonstrate that is the case or be found in contempt.

Accordingly, Purple respectfully requests that the Court (1) grant the instant motion; (2) enter an order requiring the Monahan Defendants to appear at and show cause why they should not be held in civil contempt; (3) hold the Monahan Defendants in contempt of Court for violating the Payment Order; (4) order that Monahan be incarcerated for thirty days, or until the Monahan Defendants purge their contempt by making payment to Purple; (5) impose other available sanctions, as appropriate; and (6) award Purple its costs and expenses, including attorney fees, incurred in connection with this motion and any related hearings.

If the Court is not inclined to enter an order to show cause at this time, then Purple respectfully requests that the Court enter an order requiring them to pay the sanction by a date certain and, if payment in full is not made by that date, then the Court

should order the Monahan Defendants to appear and show cause why they should not be held in civil contempt for violating the Payment Order.

Purple further requests, in the alternative, that the Court reduce the Payment Order to Judgment and direct entry of a final judgment in the amount of the sanctions award against the Monahan Defendants.

## ARGUMENT

### I. THE COURT SHOULD ISSUE THE REQUESTED ORDER TO SHOW CAUSE

The Monahan Defendants argue that Purple cannot seek contempt against them because there is no deadline in the Payment Order. [*See, e.g.*, Opp'n at 2 ("The Court's Order . . . contained no deadline for Defendants to pay Plaintiff . . . and Purple is not permitted to request contempt sanctions against Honest and Monahan.")]. This argument is not well taken because the Payment Order is enforceable through contempt proceedings and/or by reducing the Payment Order to a final judgment.

The fact that the Court did not set a time for paying the sanction makes the Monahan Defendants' repudiation in July 2018 all the more significant. [*See* E-mails Between M. Randazza to A. Alba, Ex. 1 to Mot.]. Otherwise, Purple would have to take the Monahan Defendants' word for their inability to pay and wait indefinitely – possibly for years – while they continue to treat the Court's order with disdain. Indeed, the Monahan Defendants brazenly argue in their opposition that Purple is required to wait until the end of the case to do anything about their contumacious behavior; and even then, they argue that Purple is prohibited from enlisting the powers of the Court to assist in the enforcement of the sanction, but instead must rely solely on self-help through

post-judgment writs of execution.  [*See, e.g.*, Opp'n at 2 ("Because an attorneys' fee award will eventually be reduced to a final money judgment, it will be enforceable by a writ of execution and not a request for sanctions.  Purple cannot request a writ of execution unless and until it possesses a final judgment . . . .")].

However, the Monahan Defendants' "contention that [they] may wait until final judgment in this action to pay attorney fees ordered by the [] court is unsupported by . . . the case law, and indeed, by common sense."  *Orkin Exterminating Co. v. McIntosh*, 452 S.E.2d 159, 162 (Ga. App. 1994) (interlocutory attorney fee award for discovery violation enforceable through contempt proceedings), *disapproved on other grounds in Chrysler Group, LLC v. Walden*, 812 S.E.2d 244, 250 (Ga. 2018).  "Although an interlocutory order is not a judgment and therefore cannot be enforced by execution, <u>the administration of justice requires that court have the power to enforce their interlocutory orders and decrees by contempt proceedings</u>."  *Id.* (emphasis added); *see also Warehouse Carpet Sales & Serv., Inc. v. S.C.J. Assocs., Inc.*, 317 S.E.2d 328, 329–30 (Ga. App. 1984) ("A money judgment may normally be enforced only by execution thereon, not by contempt proceedings. . . . However, where, as here, the order to pay is interlocutory in nature, contempt is the only method of enforcement available.").

"[O]bedience of interlocutory orders . . . is essential to the functioning of the judicial system."  *McIntosh*, 452 S.E.2d at 162.  Moreover, where an interlocutory order for attorneys' fees is entered as a sanction, as is the case here, it is not only about reimbursement to the party that incurred the fees, but is punitive in nature and for the vindication of the Court's authority.  *See Owens v. Dancy*, 36 F.2d 882, 885 (10th Cir.

1929) ("[S]ummary vindication of the court's dignity and authority is necessary" where "contempt is committed in the presence of the court," and "a contemptuous pleading, verified . . . under oath . . . to be brought into court and placed among the files in the case . . for the court's inspection and action thereon . . . clearly constitute[s] contemptuous conduct in the presence of the court."). As such, this Court has an interest in enforcement of the Payment Order independent of Purple's interest. The Monahan Defendants' assertions that the Court cannot enforce its own sanction, simply because it is an award of money to Purple is incorrect, as the Court has discretionary power to enforce the Payment Order through contempt proceedings.

In sum, requiring the Court and Purple to wait until the case is over– which could be years from now – is inappropriate. The Court has ordered payment to Purple as a sanction against the Monahan Defendants, and the Court is empowered to enforce this sanction before final judgment. When the Monahan Defendants told Purple that they would not pay the sanction, they were in violation of the Payment Order. Accordingly, the Court should grant this motion, including by entering the requested order to show cause to the Monahan Defendants or, at a minimum, setting a date by which payment must be made.

## II.  THE CASES CITED BY THE MONAHAN DEFENDANTS ARE INAPPOSITE

The cases cited by the Monahan Defendants are distinguishable, including because they did not involve "interim" attorneys' fees issued as a <u>sanction</u>, but fees awarded as part of a final judgment to a prevailing party.

For example, the attorneys' fees in the case of *Nissan World, LLC v. Market Scan Information Systems, Inc.*, Civ. No. 05-2839 (MAH), 2014 WL 1716451 (D.N.J. Apr. 30, 2014), were previously awarded in arbitration based on a contract between the parties. *Id.* at *25. "Because the contract . . . contained a provision requiring the losing party to reimburse the prevailing party the costs of the arbitration and the prevailing party's attorney's fees/costs, the Arbitrator also ordered that, within 10 days, [defendant] must pay Plaintiffs $205,417.61 in fees and $6,000.99 in costs." *Id.* Because the defendant had not paid the fees by the time set in the award, the plaintiff moved the district court to enforce the arbitrator's order. *Id.* at *26. The district court declined "to allow collection through contempt proceedings" and instructed the plaintiff to seek collection through post-judgment writs of execution. *Id.* at *27. Unlike in this instance, the attorneys' fee award was not entered as a sanction, but under a contractual provision for recovery by a prevailing party.

Similarly, *Ardex Laboratories, Inc. v. Cooperider*, 319 F. Supp. 2d 507 (E.D. Pa. 2004), involved the court's entry of a default judgment, which included $4,189 in attorneys' fees as a prevailing party under the Lanham Act. *Id.* at 508; *see also* 15 U.S.C. § 1117(a) (awarding reasonable attorney fees to the prevailing party in "exceptional cases"). When the defaulted defendant did not pay, the Court refused to enter an order of civil contempt. *Id.* at 509-10. Again, this attorneys' fee award was not entered as a sanction, but under a statutory provision for recovery by a prevailing party.

*Law v. NCAA*, 134 F.3d 1025 (10th Cir. 1998), also involved attorneys' fees awarded to a prevailing party awarded under a statutory provision. The plaintiffs had

7

prevailed on the issue of liability on summary judgment. *Id.* at 1026. Although the amount of damages remained to be determined, the *Law* court determined that "plaintiffs were entitled to interim attorneys' fees as substantially prevailing parties" under the Sherman Antitrust Act and awarded plaintiffs $380,682.82 in attorneys' fees. *Id.* at 1027; *see also* 15 U.S.C. § 4304(a)(1) ("award[ing] to a substantially prevailing claimant the cost of suit . . . including a reasonable attorney's fee"). The Court ordered that the fees be paid by a date certain, and when defendants failed to pay by that date, the Court entered sanctions in the amount of $5,000 to $10,000 per day until paid in full, which was affirmed by the Tenth Circuit. *Law*, 134 F.3d at 1029-30. *Law* therefore supports this Court's exercise of its powers to sanction the Monahan Defendants.

Finally, *Aetna Casualty & Surety Co. v. Markarian*, 114 F.3d 346 (1st Cir. 1997); *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970 (11th Cir. 1986); and *Shuffler v. Heritage Bank*, 720 F.2d 1141 (9th Cir. 1983), are inapposite because they did not involve orders to pay contempt sanctions or attorneys' fees, but were attempts by judgment creditors to use sanctions to enforce final judgments entered by consent or after trial. The courts in these cases simply ruled that final judgments (even if by stipulation, in the cases of *Combs* and *Shuffler*) must be enforced through the usual avenues of collection. *See Markarian*, 114 F.3d at 349; *Combs*, 785 F.2d at 980; *Shuffler*, 720 F.2d at 1147-48.

In conclusion, none of the cases cited by the Monahan Defendants in their opposition require this Court to abstain from enforcing the Payment Order through commencing contempt proceedings.

### III. THE MONAHAN DEFENDANTS MUST OBEY THE PAYMENT ORDER EVEN IF IT HAS NOT BEEN APPEALED

Finally, the Monahan Defendants argue that it would be "[un]fair" for the Court to enforce the Payment Order until they can appeal the order. [*See* Opp'n at 3 n. 1 ("Immediate enforcement of a non-collateral, interlocutory order deprives the non-prevailing party of the opportunity to obtain immediate review and the protections afforded by a supersedeas bond should the order be later reversed.")]. However, the Monahan Defendants are bound to obey the Payment Order even if it were later determined to be erroneous. *See U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[W]e find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."); *Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005) ("Even if a court issues an erroneous order, a party must obey the order until it is reversed through an orderly proceeding."); *McIntosh*, 812 S.E.2d at 250 ("[party] was bound to obey order, even if erroneous, and thus was properly held in contempt"). Accordingly, the Monahan Defendants may be found in contempt for failing to obey the order even if it may later be reversed.

### IV. IN THE ALTERNATIVE, THE COURT SHOULD ENTER AN ORDER REQUIRING THE MONAHAN DEFENDANTS TO PROVIDE EVIDENCE OF THEIR ALLEGED INABIILTY TO PAY THE SANCTION

The Monahan Defendants have put their inability to comply with the Payment Order at issue through their correspondence with Purple. [7/17/18 E-mail M. Randazza to A. Alba ("My client is unable to pay that amount."), attached as Ex. 1 to Mot.]. Despite making this claim, the Monahan Defendants have provided no evidence or

9

proof of their inability to pay, instead expecting the Court and Purple to simply take their word for it.  For this reason, the Court should enter an order to show cause requiring the Monahan Defendants to appear and come forward with evidence showing their purported inability to comply with the Court's directive.  If the Court is unsatisfied with Monahan Defendants' presentation, then the serious sanctions set forth in Purple's motion should be considered, including incarceration until payment is made and a further award of attorneys' fees to Purple.

If the Court declines to enter an order to show cause at this time, then Purple requests that the Court set a date certain for the Monahan Defendants to pay the sanction, along with a contingent order to show cause.  Specifically, Purple requests that if payment in full is not made by the date set by the Court, that the order to show cause go into immediate effect – so that Purple need not go through the effort and expense of filing a new motion, and so that further time will not be lost on resolving these issues.

In the alternative, Purple requests that the Court immediately reduce the award to judgment so that collection efforts can commence.

## CONCLUSION

For the reasons set forth in the papers now before the Court, Purple respectfully requests that the Court grant the instant motion.

DATED this 19th day of September, 2018.

                                              **MAGLEBY CATAXINOS & GREENWOOD, PC**

                                              James E. Magleby
                                              Christine T. Greenwood
                                              Adam Alba

                                              Attorneys for Plaintiff Purple Innovation, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS & GREENWOOD, PC, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE** upon the following via ECF and/or electronic mail this 19th day of September, 2018:

Ethan Horwitz
  ehorwitz@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0002

Angela T. Puentes-Leon
  apuentes-leon@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 S.E. Second Street, STE 4200
Miami, FL  33131-2113

Kathryn Tunacik Smith
  ksmith@strongandhanni.com
Karmen C. Schmid
  kschmid@strongandhanni.com
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111

Francis M. Wikstrom
  FWikstrom@parsonsbehle.com
Juliette P. White
  JWhite@parsonsbehle.com
Kennedy K. Luvai
  KLuvai@parsonsbehle.com
  ecf@parsonsbehle.com
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111

*Attorneys for Defendant GhostBed, Inc.*

Marc J. Randazza
  mjr@randazza.com
  ecf@randazza.com
Ronald D. Green
  rdg@randazza.com
RANDAZZA GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

D. Gill Sperlein
  dgs@randazza.com
RANDAZZA GROUP, LLM
345 Grove Street
San Francisco, CA 94102

W. Andrew McCullough
  wandrew48@ymail.com
W. ANDREW MCCULLOUGH, LLC
6885 South State Street, Suite 200
Midvale, UT 84047

*Attorneys for Defendants Honest Reviews, LLC and Ryan Monahan*

_____