FRANCIS M. WIKSTROM, USB #3462
JULIETTE P. WHITE, USB #9616
KENNEDY K. LUVAI, USB #14559
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
FWikstrom@parsonsbehle.com
JWhite@parsonsbehle.com
KLuvai@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendant GhostBed, Inc., Marc Werner, and Ashley Werner Spahic*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HONEST REVIEWS, LLC, a Florida corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation, MARC WERNER, an individual, ASHLEY WERNER SPAHIC, an individual, WERNER MEDIA PARTNERS, LLC, d/b/a NATURE'S SLEEP, LLC, an Illinois limited liability company, and SOCIAL MEDIA SHARKS, LLC, a Florida limited liability company.<br><br>Defendants. | **GHOSTBED INC.'S SHORT FORM DISCOVERY MOTION FOR SANCTIONS AGAINST PURPLE INNOVATION, LLC PURSUANT TO RULE 37 FOR FAILURE TO COMPLY WITH DISCOVERY ORDER**<br><br>Case No. 2:17-cv-00138-DB<br><br>The Honorable Dee Benson<br>Magistrate Judge Dustin B. Pead |

This Court ordered Purple to supplement deficient interrogatory responses to Interrogatories 1, 2, and 4 (Dkt. 349) ("Order"). Purple served the appended supplemental responses, which fail to comply with the Order.

GhostBed's counsel outlined their concerns about Purple's supplemental responses in an October 11 email. The parties conferred by telephone on October 16, but were unable to resolve GhostBed's concerns.

## ARGUMENT

"When a party provides an incomplete answer to an interrogatory, a motion to compel may be brought pursuant to Rule 37(a)(3). If the motion is granted and the party fails to comply, sanctions may be entered." *Quest Software, Inc. v. Centrify Corp.*, 2011 WL 3809807, at *1 (D. Utah Aug. 25, 2011). Under Rule 37(b)(2)(A)(ii), if a party disobeys an order, the court may "prohibit[] [that] party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Also, Rule 26(e)(1)(B) requires supplementation of interrogatory responses by court order, with Rule 37(c)(1) providing that a disobedient party "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial" unless the failure was justified or harmless.

**Interrogatory 1**. Per the Order, Purple "must identify with specificity each GhostBed statement, representation, advertising claim, and/or false impression" and "state the basis for its contention." Order, at 3. Purple has failed to comply. *First*, while Purple identified some allegedly false statements made by others, the identification is qualified as "includ[ing] … but not limited to" the identified statements and thus ignores the specific identification mandate. *Second*, Purple identified entire documents without specifying any statements at issue or stating the bases for its

2

contentions. As the Court has concluded, merely identifying documents is nonresponsive and fails to narrow the issues for trial. Order, at 3.

**Interrogatory 2**. Per the Order, Purple "must state material facts supporting or refuting its allegation that GhostBed had actual knowledge of the alleged false or misleading nature of the statement identified in Interrogatory No. 1." Order, at 3. Instead, Purple offers a conclusory argument and then lists entire documents and deposition transcripts, without elaboration. Purple's response fails to provide the required specificity and fails to narrow the issues for trial.

**Interrogatory 4**. Per the Order, Purple "must state with specificity material facts supporting or refuting its allegation that GhostBed 'has actively and knowingly caused and supported the statements on the HMR [Site], has directed, authorized and participated in the creation and publishing of the statements, and has been the active and conscious force behind the creation and publishing of the statements,'" as well as identify individuals knowledgeable of such facts. Order, at 3-4. In response, Purple incorporates its noncompliant supplemental response to Interrogatory 2.

Given the rapidly approaching fact discovery deadline and Purple's refusal to comply with the Order, GhostBed respectfully requests that the Court prohibit Purple from introducing or relying on any evidence or argument based on or regarding its noncompliant supplemental interrogatory responses in any motion, hearing, or trial in this case.

DATED this 17th day of October, 2018.

/s/ Kennedy K. Luvai
Francis M. Wikstrom
Juliette P. White
Kennedy K. Luvai
PARSONS BEHLE & LATIMER

*Attorneys for Defendants Ghostbed, Inc., Marc Werner, and Ashley Werner Spahic*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2018, I caused to be electronically filed the foregoing with the Court by CM/ECF and the Court will send electronic notification to all counsel.

/s/ Kennedy K. Luvai

4838-9015-0776v2