IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HONEST REVIEWS, LLC, a Florida corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation, MARC WERNER, an individual, ASHLEY WERNER SPAHIC, an individual, WERNER MEDIA PARTNERS, LLC, d/b/a NATURE'S SLEEP, LLC, an Illinois limited liability company, and SOCIAL MEDIA SHARKS, LLC, a Florida limited liability company.<br><br>Defendants. | **ORDER DENYING GHOSTBED INC.'S SHORT FORM DISCOVERY MOTION**<br><br>Case No. 2:17-cv-00138-DB<br><br>The Honorable Dee Benson<br>Magistrate Judge Dustin B. Pead |

This case is currently before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Dee Benson.  Before the court is Defendant GhostBed, Inc.'s ("Defendant GhostBed") Short Form Discovery Motion for Sanctions against Purple Innovations, LLC ("Plaintiff" or "Purple").  ("Motion", ECF No. 376.)

### I. DISPUTE

Defendant GhostBed moves for sanctions against Plaintiff for allegedly failing to comply with the court's discovery order ("Order", ECF No. 349) dated August 2, 2018.  Defendant GhostBed asserts Plaintiff's supplemental responses to interrogatories 1, 2 and 4 are deficient.  In turn, Defendant Ghostbed requests the court bar Plaintiff from introducing or relying on any

evidence or argument contained in its deficient supplemental discovery responses.  (Motion, ECF No. 376 at 3.)

In response, Plaintiff states Defendant GhostBed's Motion should be denied because it has, in good faith, sufficiently complied with the court's Order.  (Opposition to Defendant Ghostbed, Inc.'s Short Form Discovery Motion ("Opp'n"), ECF No. 379.)

## II.   DISCUSSION

In July of 2018, Defendant Ghostbed filed a Short Form Discovery Motion requesting the court compel Plaintiff's responses to Defendant Ghostbed's interrogatories 1, 2 and 4.  (ECF No. 344.)   The interrogatories in dispute primarily requested Plaintiff to identify statements, representations, advertising claims and/or false impressions that it maintains are false or misleading, provide the facts supporting or refuting the allegation, and identify the facts that Defendant Ghostbed knew about or supported the false or misleading statements.  In response, Plaintiff referred Defendant Ghostbed to thousands of pages of documents previously produced by the parties without directing Defendant Ghostbed to any specific statement contained in the documents.  (ECF No. 344-1 at 6, 7, 9.)   As a means to remedying the deficient responses, Defendant Ghostbed obtained an Order from this court instructing Plaintiff to respond, with specificity, to interrogatories 1, 2 and 4.  (ECF No. 349.)  On August 20, 2018, Plaintiff supplemented its responses to interrogatories 1, 2 and 4.  (ECF No. 376-1.)

Defendant Ghostbed contends Plaintiff's supplemental response to interrogatory 1 is "qualified" by using the language "including…but not limited to" and therefore fails to adhere to the specific identification mandate.  (Motion at 2.)  The court disagrees with Defendant Ghostbed's contention.  Over 4 1/2 pages of its supplemental response, Plaintiff identifies with

specificity statements and articles that, as a whole, it contends are false or misleading.  While Plaintiff does reserve the right to supplement the list of statements or documents, this does not sidestep the court's Order.  Therefore, Plaintiff's supplemental response to interrogatory 1 meets the specific identification mandate.

Unlike interrogatory 1, the court is unable to assess the thoroughness of Plaintiff's remaining responses.  While the responses do refer Defendant Ghostbed to many documents that Plaintiff contends provide "…direct or circumstantial evidence of Ghostbed's knowledge or encouragement of the false and misleading statements at issue," the content of those documents in unknown to the court.  Opp'n at 2.  For example, the court is unable to evaluate whether referring Ghostbed to the Amazon Review by Cami J. sufficiently identifies the material facts supporting or refuting Purple's allegations that Defendant GhostBed had actual knowledge of the alleged false or misleading nature of each statement identified.

Further, while Defendant Ghostbed requests the court sanction Plaintiff by excluding evidence as permitted by Fed. R. Civ. P. 37(b)(2)(A)(ii), dismissal or the exclusion of evidence is an extreme sanction typically implemented when the discovery violation is predicated upon willfulness, bad faith, or fault.  *See generally Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (internal quotations omitted).  Here, Defendant Ghostbed does not establish that Plaintiff proceeds in bad faith or has willfully disobeyed the court's discovery order. Therefore, the court declines Defendant Ghostbed's invitation to implement an exclusion of evidence sanction.

## III. ORDER

Based upon the foregoing, the court, having carefully reviewed the submissions of the parties in connection with Defendant GhostBed's Motion, and for the reasons stated herein, hereby DENIES the Motion.

SO ORDERED this 7th day of November, 2018.

_____
Dustin B. Pead
United States Magistrate Judge