IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURPLE INNOVATION, LLC, a Delaware limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>HONEST REVIEWS, LLC, a Florida corporation, RYAN MONAHAN, an individual, and GHOSTBED, INC., a Delaware corporation,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-138-DB<br><br>District Judge Dee Benson |

  Before the court are two motions filed by Plaintiff: a motion for sanctions and order to show cause against Honest Reviews, LLC and Ryan Monahan (the "Monahan Defendants") with respect to the Preliminary Injunction (Dkt. No. 351) and a motion for order to show cause against the Monahan Defendants with respect to the court's July 9, 2018 order. (Dkt. No. 352.) The court has reviewed the briefing submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Facts

  The background facts relating to these parties and this action have been set forth in some detail in the court's previous rulings. (*See, e.g.*, Dkt. Nos. 151, 191, 242, 292, and 342.) In the latest iteration, Plaintiff submits, and the Monahan Defendants do not dispute, that Honest Reviews, LLC has sold the honestmattressreviews.com website (the "HMR site") to Brooklyn

Bedding, a competitor of Plaintiff and presumably GhostBed, Inc. Thereafter, the disclosures required by this court's Preliminary Injunction Order (Dkt.No. 191) were removed from the HMR site. Mr. Monahan now maintains no control over the content of the HMR site. Instead, Mr. Monahan continues to author review content on a new website, www.honestreview.com (the "Honest Review site"), owned by a new entity, Honest Showroom, LLC, controlled by Mr. Monahan's Social Media Sharks, LLC business partners and Mr. Monahan's wife. It appears from the evidence presented to the court that the Honest Review site does not contain any content referencing Plaintiff. Plaintiff contends that the actions of the Monahan Defendants, as well as Mr. Monahan's submission of a statement to Plaintiff that he is no longer doing mattress reviews, constitute a violation of the Preliminary Injunction Order.

In its second motion, Plaintiff submits, and the Monahan Defendants do not dispute, that the Monahan Defendants have failed to pay the attorneys' fees awarded to Plaintiff in the court's Memorandum Decision and Order on July 9, 2018. (Dkt. No. 342.) On July 17, 2018, Plaintiff demanded payment in full of the $92,199.31 assessed against the Monahan Defendants within seven days. (Dkt. No. 352-1.) Counsel for the Monahan Defendants responded that the Monahan Defendants did not have the money. (*Id.*) On July 30, 2018, a similar email exchange occurred. (*Id.*) On August 9, 2018, a month after the court's entry of an award of attorneys' fees, Plaintiff filed its motion for sanctions, requesting that the Monahan Defendants be held in contempt for failure to pay, that Mr. Monahan be incarcerated for a period of 30 days, and that the court award attorneys' fees to Plaintiff for bringing the motion. (Dkt. No. 352.)

Discussion

A court may assess sanctions for litigation misconduct or abuse of the judicial process, such as the violation of a court order. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Here, however, the court does not find that sanctions are warranted. First, the court does not find that the Monahan Defendants have violated the Preliminary Injunction. The Disclosure Statement required by the Preliminary Injunction applies only to the HMR site and "all associated social media platforms, including without limitation the HMR Facebook page, YouTube Channel, and Twitter page." (Dkt. No. 191 at 10-11, ¶2.) As the Monahan Defendants no longer maintain ownership or control of those sites and platforms, they cannot be said to be in violation of the Preliminary Injunction for the removal of the Disclosure Statement.

Furthermore, the Preliminary Injunction does not require a Disclosure Statement on all online content produced by the Monahan Defendants. Instead, it requires placement of the Disclosure Statement "on each page or video referencing Purple on … any other online location under the control of the Monahan Defendants." (Dkt. No. 191 at 12, ¶ 7.) Plaintiff has not asserted that the Honest Review site references Purple anywhere. Thus, even assuming that the Monahan Defendants have control over the content of the Honest Review site, the lack of a Disclosure Statement on that site is not a violation of the Preliminary Injunction.

Second, with respect to Plaintiff's motion that the Monahan Defendants be held in contempt for failing to immediately pay in full the court's award of attorneys' fees, the court finds no basis for an award of sanctions. The Order awarding attorneys' fees set no firm deadline for the payment of fees. (Dkt. No. 342.) Plaintiff obtained the relief it requested and is expected to pursue collection through avenues available under the Federal Rules of Civil Procedure, not

through the use of threatening sanctions or the court as collection agent. *See* Fed. R. Civ. P. 69. The court declines to set a specific date for payment of the fees.

Conclusion

For the foregoing reasons, Plaintiff's Motions for Sanctions (Dkt. Nos. 351 and 352) are hereby DENIED in their entirety.

DATED this 10th day of December, 2018.

BY THE COURT:

Dee Benson
United States District Judge